*B. M. Samuels* and *Wm. Y. Lovell*, for defendant.

———•◦•———

CHAPMAN v. MORGAN, et al.

The action of trespass *quare clausum fregit* is local, and can only be entertainby a justice of the county in which the land is situated.

Appearance will not confer jurisdiction over parties, not residing within the jurisdiction of the court, nor subject to its process.

Consent of a party cannot confer a greater authority upon a court, than the law affords.

The district courts have jurisdiction over all civil and criminal matters arising in their respective districts.

*Agreed case from Clinton District Court.*

*Opinion by* GREENE, J.    Trespass *quare clausum fregit* commenced before a justice of the peace of Clinton county, against Morgan and Hall who were, when the trespass was

committed and the suit commenced, residents of Scott county. After a trial before the justice, the case was taken to the district court by appeal, and was on motion dismissed, because the justice had no jurisdiction over the defendants as citizens of another county.

As an objection to the decision, it is contended, that this is a local action and should have been commenced in the county where the land is situated. The correctness of this position, will not be controverted, nor would the right of a justice of the peace to try in such an action, defendants who are householders and reside without the county, if served with process within its limits, be questioned, if the statute did not expressly provide to the contrary. It provides, "that in no case shall any civil action, other than by attachment, against any defendant who is a householder in this state, be commenced in any county other than the one in which such defendant resides." Laws of 1847, p. 90, § 6. This statute obviously limits the jurisdiction of justices in such suits to defendants who are citizens of the county, in which the justice is authorized to act, and deprives him of all authority over non-resident citizens. But it is contended, that by appearing and going to trial, the defendants waived all objection to the want of jurisdiction in the justice. If there had been any defect or irregularity in the process, and service or any other method provided by law, for bringing the parties into court, that defect might have been waived by appearance, but when no process, however regularly executed, can bring a party under the authority of the court, the appearance of the defendants cannot confer the authority. In a case like the present, where a justice is excluded by positive enactment from the exercise of jurisdiction, it cannot be conferred by an implied agreement, inferred from the appearance of the parties. Such appearance will not confer jurisdiction when it could not be exercised by process. As a general rule, consent cannot confer upon courts a greater power than the law affords. Parties cannot by agreement, give jurisdiction to a court which could not be exercised by

virtue of legal process. The authorities upon this point, are uniform. Although this doctrine is ordinarily confined to the subject matter of a suit, we think it may with great propriety, be applied to parties, when they are by statute excluded from the cognizance of the court, as in this case.

The position assumed by counsel, that the plaintiff would be remediless, if this action could not be entertained before a justice of the peace, is not correct. He was clearly entitled to his action in the district court. Under the constitution, the district courts "have jurisdiction in all civil and criminal matters arising in their respective districts." All statutes to the contrary, must necessarily yield to this paramount law. Hence the general jurisdiction which the district court possesses over all civil matters, must necessarily include a full concurrent jurisdiction with justices of the peace. It therefore follows, that the present action might have been entertained by that court; and as the statutory limitation in relation to non resident defendants only attaches to justices' courts, that difficulty would have been removed. We conclude then, that the court below did not err in dismissing the appeal.

Judgment affirmed.

*W. E. Leffingwell,* for plaintiff in error.

*P. Smith,* for defendants.