446 · NEW-YORK PRACTICE REPORTS.

The People *ex rel.* Davids agt. Wilson and others.

## SUPREME COURT.

THE PEOPLE *ex rel.* PETER DAVIDS agt. JAMES WILSON and
others.

In proceedings for a forcible entry and detainer before the jury of inquiry, the
defendants offered to prove that they were, at the time of the alleged forcible
entry and detainer, and had been for a long time previous, in the peaceable
possession of the premises in question, and that they had never been in the
possession of the complainant,—
*Held,* that this was relevant upon the questions before the jury, and should have
been received.
It is not too late to move to quash the inquisition after it has been traversed by
the defendants.

*Orange General Term, Jan.,* 1857.

S. B. STRONG, EMOTT *and* BIRDSEYE, *Justices.*

THIS was an appeal from an order made at the Orange
special term, refusing to quash an inquisition found against the
defendants for an alleged forcible entry and detainer. After
the inquisition was traversed before the county judge, the pro-
ceedings were removed into this court by *certiorari*, and the
motion made to set aside the inquisition, which was denied.
It was heard in this court on appeal from that order.

WM. F. PURDY, *for plaintiff.*
M. L. COBB, *for defendants.*

By the court—S. B. STRONG, Justice. It has been decided,
that upon *certiorari*, issued under the statute relative to forcible
entries and detainers, this court is bound to interpose to correct
mistakes in the law, bearing upon the merits, made by the
county judge upon taking the inquisition. (*The People* agt.
*Read*, 11 *Wend.* 157 ; *Carter* agt. *Newbold*, 10 *How. Prac. R.*
166.) It was also decided, in the case in *Wendell*, that as the
statute authorized the judge to issue subpœnas at the request
of either party, (§ 17,) the defendants had a right to examine

witnesses in their own behalf before the jury of inquiry on all questions proper for its determination. The questions before the jury in this case were, whether there had been a forcible entry, and since, a forcible detainer?

The defendants offered to prove, by a witness whom they introduced, that the defendants, and those under whom they claim, were and always had been in the actual and peaceable possession of the premises in question, and that the complainant had never been in the actual possession of such premises. But the judge decided that the defendants could not, in this stage of the proceedings, show the actual possession of the premises in question in themselves, or controvert the possession of the complainant, and rejected the proffered evidence. The offer went somewhat further than the decision of the judge as stated in the return. It was to show that the defendants were, *at the time of the alleged forcible entry*, and had been for a long time before, ("always," as stated by the defendants' counsel—although it is difficult to see how that could have been proved,) in the peaceable possession of the disputed premises, and that they had never been in the actual possession of the complainant. Now, if the defendants were at the time in peaceable possession, and they, and those under whom they claimed, had long held such possession, and the complainant had merely made an entry upon the property, but not so as to give him the actual possession, there could not have been a forcible entry by the defendants within the intent of the statute.

It was not designed to give the summary remedy provided by the statute for the acts of a party whose possession had been long continued, and was peaceful. If such possession is without title or right, the law furnishes another, and in the end a more efficacious redress, and under proceedings where the rights and claims of the parties may be thoroughly investigated. The evidence tendered by the defendants was, therefore, pertinent to the questions before the jury of investigation, and the decision of which was to control their action. If it had been received it might, and if it had gone to the extent of the offer, should have led to a result favorable to the defendants.

It is not too late to move to quash the inquisition after it has been traversed by the defendants. The statute requires the judge to award restitution, unless the inquisition shall be traversed within twenty-four hours after it has been found, (§ 14,) and it would be unjust to require the defendants to make out the requisite papers and move for the allowance of a *certiorari* within that time, or to submit to at least the temporary deprivation of his property. The necessary interposition of a traverse, within so brief a period, cannot be considered as a waiver of any substantial objections to the procedure before the inquisitorial jury.

It is unnecessary to consider the other questions discussed on the argument.

The order made at the special term should be vacated, with $10 costs, and the inquisition should be quashed.