## YATES COUNTY COURT.

Mary Campbell, respondent agt. John Mallory, appellant.

Although the statute confers *jurisdiction*, in a general sense, upon a magistrate in *summary proceedings*, between landlord and tenant, yet this jurisdiction must be taken and exercised in *strict conformity to the statute*, and in no other way can his acts be recognized as valid.

The preliminary *affidavit* required by the statute, and upon which the magistrate is authorized to issue his summons, must give a *particular description of the premises*, to confer upon the magistrate jurisdiction of the *subject matter*.

Nor is the magistrate authorized to give a more specific or other description of the premises in the *summons*, than that contained in the affidavit. Nor can jurisdiction be conferred in such a case by a general *appearance* of the tenant without taking this objection.

Where the affidavit described the premises as being " a certain house and lot situate in the village of Penn Yan, in the town of Milo and county of Yates," *held*, that the description was too general, and did not meet the requirements of the statute.

As a matter of good practice and of safety, the affidavit should also state that the tenant *holds over*, and continues in possession of the demised premises after the expiration of his term, *without the permission of the landlord*.

*December*, 1861.

THIS is an appeal brought to review the proceedings and determination of a justice of the peace in summary proceedings between landlord and tenant.

D. B. PROSSER, *for appellant.*
M. J. SUNDERLIN, *for respondent.*

BRIGGS, County Judge. The respondent, under § 29 of art. second, chap. eight, part third of the Revised Statutes, made and filed her affidavit with a magistrate, therein setting forth among other things, " that on the first day of April, 1860, she was in possession of a certain house and lot situate in the village of Penn Yan, in the town of Milo and county of Yates; that she was entitled to the rents, issues and profits of the same ; and that on or about the said first day of April, 1860, she leased and rented said house and lot unto the appellant as her tenant, for one year ; that appellant took and entered into the possession under such renting, and continued to occupy the same down to the day of the making of the affidavit ; that the term expired on the first day of April, 1861 ; and that the appellant refused to deliver up the possession, though requested to do so."

Upon this affidavit the magistrate issued a summons directed to the appellant, such tenant, requiring him " to remove from the house and lot on Clinton street, in the village of Penn Yan, occupied by him, or show cause," &c.

On the day mentioned in the summons for showing cause, the tenant appeared in person and by counsel, before the magistrate, and put in an answer under oath, in substance denying that he held over and continued in possession of the premises in the affidavit after the expiration of the term as mentioned in the affidavit, therein claiming that he was a tenant under the respondent for an unexpired term, and that such term would not expire until the first day of April, 1862. Upon this issue the parties went to trial

before the magistrate, who, after hearing the proofs, held and decided that the appellant was guilty of holding over and continuing in possession of the premises mentioned in the affidavit, and awarded his warrant for the purpose of removing him therefrom.

There were several points raised in the notice of appeal and urged upon the argument, but the view I take of the case renders it necessary to consider but one question. Did the affidavit upon which the summons was issued, give the magistrate jurisdiction of the subject matter?

Section 28 provides that any tenant or lessee at will, or at sufferance, or for any part of a year, or for one or more years, of any houses, land or tenements, &c., may be removed from such premises, by the officers therein named, in the manner thereinafter prescribed in the following cases:

1. " Where such person shall hold over and continue in possession of the demised premises, or any part thereof, after the expiration of his term, without the permission of the landlord."

2. Where such person shall hold over without such permission as aforesaid, after any default in the payment of rent, &c.

3. Where a tenant or lessee of a term of three years, or less, shall have taken the benefit of any insolvent act, &c.

4. Where any person shall hold over and continue in possession of any real estate which shall have been sold by virtue of an execution against such person, &c.

Section 29 provides that " any landlord or lessor, his legal representatives, agents or assigns, may make oath in writing, of the facts, which, according to the preceding section, (28th,) authorize the removal of a tenant, describing therein the premises claimed ; and may present the same to one of the officers in the last section specified."

Section 30, among other things, provides that " on receiving such affidavit, such officer shall issue his summons, describing the premises of which the possession is claimed, and

Campbell agt. Mallory.

requiring any person in the possession of said premises, or claiming the possession thereof, forthwith to remove from the same, or to show cause before the magistrate," &c.

The affidavit in this proceeding was evidently prepared under subdivision one of § 28 ; and to authorize the magistrate to issue his summons under § 30, the affidavit should upon its face bring the applicant within its terms. It should in substance, if not in direct terms, show that the tenant *holds over* and continues in possession after the expiration of his term, *without* the *permission of his landlord.*

This affidavit in effect states that the tenant went into possession on the first day of April, 1860, under a lease for one year, and that he continued to occupy ever since; that the term expired on the first day of April, 1861, and that he refuses to deliver up possession, although requested so to do. It is well settled, that this preliminary affidavit should make out a plain case ; that the landlord should bring himself clearly within the provisions of the statute, and leave nothing to be inferred. (*Hill* agt. *Stocking*, 6 *Hill*, 314.)

Whether this affidavit is sufficiently definite and certain to meet the requirements of the statute in this regard, might under other circumstances become material to inquire, but as there is another objection more palpable, and, to my own mind, fatal, I do not propose particularly to examine the force or weight of this criticism, and upon this point will only add, that in practice it would be much safer to state that the tenant *holds over*, and continues in possession of the demised premises after the expiration of his term, *without the permission of his landlord.*

As before stated, § 29 provides that the premises of which possession is sought, *shall be described* in this preliminary affidavit.

By reference to the affidavit, it will be observed that the premises are therein described as being " a certain house and lot situate in the village of Penn Yan, in the town of

Milo and county of Yates." This description is too general, and in my judgment does not meet the requirement of the statute. (24 *Barb.*, 438.)

Looking at the design of the statute, I can see an obvious reason why the affidavit should describe the premises, for it is upon this that the magistrate predicates his jurisdiction and action in issuing his summons under § 30. This summons *must* describe the premises, and from the necessity of the case, this description can be none other or different than that contained in the affidavit.

The magistrate is not at liberty, nor should he be permitted to go outside of the record made by the affidavit, in his recital of the description. In this case, the magistrate in issuing his summons, has given a more specific description than that contained in the affidavit, but as before observed, this cannot aid the landlord, nor of itself confer jurisdiction upon the magistrate. Unless he acquired jurisdiction by virtue of the preliminary affidavits, his subsequent acts were without authority, and must be so declared. (4 *Denio*, 118.)

This view of the insufficiency of this description is supported by a reference to the thirty-third section, which provides that if no good cause be shown on the return day of the summons, the magistrate issues his warrant to the sheriff " to remove all persons from *the said premises*, and to put the landlord into the full possession." It is *the said premises*—the premises described in the affidavit—that the sheriff is to restore to the possession of the landlord, and none other or different.

Now, a warrant to this officer, commanding him to remove the tenant from " a certain house and lot in Penn Yan, town of Milo and county of Yates"—the description contained in this affidavit—would be altogether too indefinite to impose upon that officer any legal obligation ; hence the reason and the necessity of the statute requiring the premises to be described in the affidavit.

The statute under which these proceedings were instituted, is in derogation of the common law ; its provisions must therefore be strictly complied with. (20 *Wend.*, 205 ; 24 *Barb.*, 438 ; 6 *Hill*, 314.)

It was well said by Justice COWEN, in *Farrington* agt. *Morgan*, (20 *Wend.*, *supra*,) " that summary proceedings are in general open to objection for technical omissions, imperfections, or defects in the return ; and proceedings under the landlord and tenant's act are not an exception.   They are not like proceedings in a justice's court, expressly required by statute to be liberally construed so far as form is concerned ; but the magistrate *must show a strict compliance with the statute at every step ;*" and in *Deuel* agt. *Rust*, (24 *Barb.*, *supra*,) the description contained in the summons was, that the tenant " should show cause why he should not leave the premises now occupied by him, belonging to Jay Deuel," the landlord ; and the court well remark that " *the premises are not described.*"   It may be said in answer, that where certain facts are to be proved to a court of special or limited jurisdiction, as a ground of issuing process, and the proof produced has a legal tendency to make out a proper case in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose.   This is undoubtedly true ; but where there is a total defect of evidence as to any essential fact— as clearly there is in this proceeding—the process will be declared void, in whatever form the question may arise. In one case there is a defect of jurisdiction ; in the other there is only an error of judgment.   (*Miller* agt. *Brinkerhoof*, 4 *Denio*, 118.)   But it is still insisted, that though the affidavit was insufficient to confer jurisdiction, the magistrate acquired jurisdiction notwithstanding, by the appearance of the tenant before the magistrate, without taking this objection and litigating the matter upon its merits. Had the magistrate acquired jurisdiction of the subject

Campbell agt. Mallory.

matter, so as to have authorized him to issue his summons under § 30, and had there been any defect in this process, or the manner of its service, yet the tenant appearing in obedience to its command, and not pointing out such defect by objection, I am of the opinion that he would be too late to raise an objection for the first time on appeal, and for this obvious reason : jurisdiction of the subject matter having been acquired under the statute by virtue of the affidavit and of the person by appearance, no question, not raised before the magistrate, could be considered in this court.

But it may be said, that the statute confers this jurisdiction. In a general sense the statute does confer upon the magistrate jurisdiction of proceedings of this character ; yet after all, this jurisdiction must be taken and exercised in strict conformity to the statute, and in no other way can his acts be recognized as valid.

The magistrate not having acquired jurisdiction of the subject matter for the reasons stated, he could not take jurisdiction of any of its consequences or incidents, (9 *John.*, 239,) nor could consent confer this jurisdiction, (*Coffin* agt. *Tracey*, 3 *Cai.*, 129,) though it will of the person when jurisdiction of the subject matter has been previously acquired. My conclusion is, that this preliminary affidavit was totally defective in the regard stated ; that the magistrate, for this reason, failed to acquire jurisdiction to issue a summons under § 30, and that consequently his subsequent acts were without authority.

The judgment must be reversed.