NAYLOR (McDERMOTT v.). See Case No. 8,747.

NAYLOR (UNITED STATES v.). See Case No. 15,858.

---

## Case No. 10,062.

### NAZRO v. CRAGIN.

[3 Dill. 474.] [1]

Circuit Court, D. Iowa. June 1, 1874.

COURTS — FEDERAL JURISDICTION — ATTACHMENT — ACT JUNE 1, 1872 — MOTIONS — ERROR.

1. The provision in section 11 of the judiciary act of 1789 [1 Stat. 78] that no civil suit shall be brought by original process in the federal court in any other district than that of which the defendant is an inhabitant, or in which he shall be found at the time of serving the writ, is not repealed by the bankrupt act, nor by section 6 of the act of June 1, 1872, in respect to the attachment of property. 17 Stat. 196.

[Cited in Anderson v. Shaffer, 10 Fed. 267; Boston Electric Co. v. Electric Gas-Lighting Co., 23 Fed. 839; Noyes v. Canada, 30 Fed. 666; Harland v. United Lines Tel. Co., 40 Fed. 311; Treadwell v. Seymour, 41 Fed. 581.]

2. Objection to the jurisdiction may be taken by motion, and is not waived by subsequently pleading to the merits.

[Cited in Abernathy v. Moore, 83 Mo. 69.]

3. Under the statute law of the state of Iowa, and the practice of the state courts therein, motions are parts of the record, and rulings thereon may be reviewed on error. Section 5 of the act of June 1, 1872, makes this practice applicable in the federal court on a writ of error to the district court, whose ruling on a motion to the jurisdiction may be reviewed.

[4. Cited in Howard v. American Dairy, etc., Co., Case No. 6,753, and cited in brief in Schollenberger v. 45 Foreign Ins. Cos., 5 Wkly. Notes Cas. 410, to the point that state legislation cannot confer jurisdiction upon the federal courts.]

[Alonzo] Cragin, as assignee in bankruptcy of Field & Field, bankrupts, brought an action at law in the district court of the United States for the district of Iowa (by which he was appointed such assignee), against John

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Nazro, a citizen of Wisconsin, to recover an alleged claim against him. The petition asked the auxiliary process of attachment against the property of the defendant, and contained the necessary averments under the laws of the state for that purpose. An attachment bond was filed and a writ of attachment issued, which was levied upon property of the defendant, found within the district of Iowa. The defendant was not found within the district of Iowa, nor was he a resident or citizen thereof, and no summons was served upon him therein. But the defendant, by his counsel, made a special appearance in the district court and filed a motion therein to dismiss the suit and all proceedings for want of jurisdiction of the court over his person and property. The court overruled the motion, to which the defendant excepted. The defendant thereupon answered the petition, and, subsequently, there was a trial resulting in a judgment in favor of the assignee. The defendant brought the cause into this court by writ of error.

Thos. Updegraff, for plaintiff in error.

Shiras, Van Duzee & Henderson, for assignee.

MILLER, Circuit Justice (orally). The eleventh section of the judiciary act contains the provision that "no civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he may be found at the time of serving the writ."

The jurisdiction of the district court over the defendant, who was neither a citizen of Iowa, nor found therein, cannot therefore be maintained unless by some subsequent act of congress repealing the above restriction. It is urged that jurisdiction in such cases is conferred by the bankrupt act. Undoubtedly this act does, in certain cases, confer jurisdiction by reason of the subject-matter and irrespective of the citizenship of the parties. But I can discover nothing in the act which gives to the assignee in bankruptcy the power to sue in the federal courts a non-resident of the state upon whom no personal service within it can be had. The restriction in the judiciary act, mentioned above, is not repealed by the provisions of the bankrupt act.

It is next urged that the jurisdiction asserted by the district court is conferred by section 6 of the act of June 1, 1872 (17 Stat. 196). But in my judgment this is a mistaken notion of the design of this section. It does not repeal the limitation in the judiciary act. Prior to the legislation of 1872, just noticed, the federal courts had, by rule, generally adopted the state laws as respects attachments of property, but it was never supposed that jurisdiction could be exercised without personal service on the defendant, made within the district. The statute of

1872 adopts existing provisions of the state laws in this regard and gives the court power, by rule, to adopt provisions subsequently enacted by the states; but, in my opinion, it was not intended by congress to make the great change for which the assignee's counsel here contends. It would compel citizens of the Pacific coast to go to New York to defend their property which happened to be there and would give the great central cities vast power. I cannot but think that a change so radical would have been expressed by congress in unmistakable language. And this view is strengthened by the consideration that no publication is provided for by the section under consideration, while a subsequent section of the same act does provide for publication in respect to certain suits in equity.

The effect of this section in the act of 1872 is simply this: If the court has or can acquire jurisdiction over the defendant personally this section gives to the plaintiff the right to the auxiliary remedy by attachment, but it does not afford a means of acquiring jurisdiction.

Another question is this: Nazro appeared specially in the district court and by motion, instead of by plea, objected to the jurisdiction of the court. The objection was overruled. By the laws of the state and practice in the state court motions are part of the record. When the motion of the defendant to the jurisdiction was denied, he then answered and defended, and judgment went against him, to reverse which he brings this writ of error.

I am of opinion that, though a plea to the jurisdiction would have been more regular, yet, under section 5, of the act of June 1, 1872, the ruling of the district court on the motion is part of the record and may be reviewed here the same as if a plea to the jurisdiction had been overruled. I am also of opinion that the ruling on the motion to the jurisdiction was not waived by afterwards pleading to the merits, and that it is available to the defendant on error. Accordingly the judgment below must be reversed, and the district court directed to dismiss the proceedings. Judgment accordingly.