ELIZABETH GRAFTON, Appellant, v. WILLIAM T. BRIGHAM and Others, Respondents.

*Landlord and tenant — action for rent, against an assignee of the lease — conclusiveness of a judgment rendered in summary proceedings — taxes.*

A defect in the service of the precept in a summary proceeding to dispossess a tenant for non-payment of rent may be cured, and jurisdiction of the person conferred upon the magistrate, by the general appearance of the tenant, by attorney, upon the return day.

A judgment recovered in a summary proceeding to dispossess a tenant, in which the landlord's petition and affidavit alleged the original lease, the assignment thereof to the defendant, his entry and attornment thereunder, the amount of

rent due and the holding over without permission after default, and in which the defendant appeared on the return of the precept and made no objection and interposed no defense upon the merits, is conclusive, in an action subsequently brought by the landlord against the defendant for rent, upon the defendant's liability as an assignee of the lease in possession, and will preclude him from showing, as a defense, that there was at the time covered by said judgment no longer any privity of estate between him and the plaintiff, because he had then assigned the lease and vacated the demised premises.

When the liability of a tenant as assignee of a lease is thus conclusively established, the liability extends to all covenants under the lease which run with the land, and where the obligation to pay taxes, as well as rent, rested upon the original lessee, the assignee of the lease will be liable for such taxes to the lessor.

APPEAL by the plaintiff, Elizabeth Grafton, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the city and county of New York on the 24th day of February, 1893, upon a verdict rendered by direction of the court at the New York Circuit.

*James A. O' Gorman*, for the appellant.

*Henry L. Sprague*, for the respondents.

BARRETT, J. :

This action was for rent against the assignees of the original tenant.   The complaint sets out the lease and the assignment thereof to the defendants " subject to the covenants therein contained."   It is then averred as follows :

" That thereupon and thereunder the defendants entered into occupation and possession of said premises under the terms and conditions of said agreement, and did attorn to, pay rent under and as provided by said agreement for the premises aforesaid to this plaintiff as their landlord."

The defendants admitted the facts thus averred, and their sole defense was, that before the rent here claimed became due, they in their turn assigned the lease to one Chapin and vacated the premises, Chapin thereupon entering into possession and attorning to the plaintiff.

Upon the trial the defendants gave evidence tending to establish the facts thus affirmatively pleaded, and the plaintiff, in rebuttal, put in evidence the judgment of a District Court dispossessing these

defendants for the non-payment of the rent, for the recovery of which the present action was brought. The defendants objected to this judgment, claiming, *first*, that it was void for want of jurisdiction, and, *second*, that it was not *res adjudicata* as to the relation of landlord and tenant or as to their liability as assignees.

The first objection was based upon an irregularity in the service of the precept in the summary proceeding. It must be conceded that the precept was not served according to law, but the irregularity in that respect was cured. The record shows that the tenants appeared generally upon the return day, and that the justice thereupon wrote upon the back of the precept, "Answer to be filed by 11 A. M. If not filed, judgment to be signed; if filed, to be adjourned to 13th." The city marshal who had charge of the proceedings also testified that there was an attorney who appeared for the tenants. There was thus a waiver of any defect in the service of process, and jurisdiction to proceed was conferred upon the justice. A magistrate in these proceedings can acquire jurisdiction of the person by consent though not, of course, of the subject-matter. (*McCarthy* v. *Noble*, 5 N. Y. Leg. Obs. 380 ; *Campbell* v. *Mallory*, 22 How. Pr. 189 ; and see *Sims* v. *Humphrey*, 4 Den. 185 ; *Nemetty* v. *Naylor*, 100 N. Y. 569.)

No attempt was here made to dispute this appearance or to show that it was unauthorized. The judgment was, therefore, jurisdictionally valid.

The other point is equally untenable. It was distinctly held in *Brown* v. *The Mayor* (66 N. Y. 385), that a judgment taken by default in these summary proceedings, until reversed, set aside or vacated, is conclusive (in an action by the landlord against the tenant to recover the rent) of the facts alleged in the affidavit and which are required by the statute to be alleged as the basis of the proceedings. In the proceedings under consideration the essential facts alleged in the landlord's petition and affidavit were the original lease, the assignment thereof . to the defendants, their entry and attornment thereunder, the amount of rent due and the holding over without permission after default. As to all these facts (except the amount of rent due) the judgment was conclusive. Even as to the amount due, *Brown* v. *The Mayor*, would seem to be in point. It was held, however, in *Jarvis* v. *Driggs* (69 N. Y. 147), that this

particular question was not decided in *Brown* v. *The Mayor*, and that the tenant was not concluded by the landlord's affidavit as to the amount of rent.   It is said in the latter case that the amount of rent is non-essential, as the landlord is entitled to a warrant if any rent whatever is due, and the tenant holds over without permission after demand.    The reason of the distinction is not apparent, as the landlord must fail unless he establishes a demand for the amount due as averred.    This is as essential to obtain judgment of dispossession as the existence of the tenancy or other jurisdictional facts.

Be that as it may, however, the judgment is clearly binding upon the question of the defendants' liability as assignees in possession. In other words, upon every fact alleged in the landlord's affidavit except as to the amount of rent.    The general doctrine enunciated in *Brown* v. *The Mayor*, is not questioned in *Jarvis* v. *Driggs*, and it has since been reaffirmed in many cases (*Leavitt* v. *Wolcott*, 95 N. Y. 222; *Blair* v. *Bartlett*, 75 id. 153; *Nemetty* v. *Naylor*, 100 id. 570).

The judgment under consideration certainly depended upon the original lease, the assignment thereof to the defendants, and the fact that they held over *and continued in possession of the demised premises* without the permission of the landlord.    As to these facts they are estopped from questioning the judgment, and such facts are conclusive in favor of the plaintiff's right to recover the rent reserved in the lease prior to the dispossession.    The defendants had an opportunity of showing before the justice that they were not assignees in possession, that in fact they had assigned the lease and vacated the premises, and that their assignees were in possession, but they did not choose to avail themselves of this defense.    As was said in *Brown* v. *The Mayor*, they were "informed of the claim made" against them and they were "called upon to contest it."    They could have absented themselves if they desired to question the service of the precept.    Or they could have appeared and objected to such service.    But they did neither.    They simply appeared, without making any objection or interposing any defense upon the merits.    Under such circumstances the judgment is conclusive upon their liability as assignees in possession.    Being so concluded, they are liable on all covenants that run with the land. Thus, they are liable for the taxes as well as for the rent proper, for

such was the obligation of the original lessee. (Taylor's Landl. & Ten. § 437.)

It was not necessary to put the original lease in evidence, as it was admitted by the pleadings. The assignment to, and attornment by, the defendants were also admitted. That being so, the unpaid rent and taxes were *prima facie* due and payable by the defendants, and the plaintiff was not called upon to furnish any other proof upon that head. To absolve themselves from the liability arising upon this state of facts, the defendants were bound to show that at the time when the rent and taxes became due, under the terms of the lease, there was no longer any privity of estate between themselves and the plaintiff. In other words, that they had then assigned the lease and vacated the demised premises. This, however, it was impossible for them to show, because the very reverse was conclusively established by the judgment in the summary proceeding.

It follows that the verdict should have been for the plaintiff and not for the defendant. The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.