tions that were due. When, therefore, the defendant received the amount of the note deposited for collection, it received it as agent of the plaintiff as receiver; and, as to the balance over and above the amount necessary to discharge its banker's lien, that money belonged to the plaintiff as receiver.

We think, therefore, that the defendant was entitled to retain the sum of $250 and interest from June 25, 1897, and that the plaintiff was entitled to recover the balance of the amount received by the defendant in payment of the note deposited for collection, with interest from August 4, 1897. Judgment is directed accordingly. All concur.

(23 Misc. Rep. 671.)

POTTER v. NEW YORK CITY BAPTIST MISSION SOC. et al.

(Supreme Court, Appellate Term. June 6, 1898.)

SUMMARY PROCEEDINGS—FORCIBLE ENTRY.

In a summary proceeding to recover the possession of real property lost through the respondent's alleged forcible entry, a petition stating that the petitioner "became entitled" thereto "by virtue of a certain arrangement with the lessee thereof," and went into possession, without describing his interest, confers no jurisdiction of the subject-matter, and the objection may accordingly be raised even after issue joined. Code Civ. Proc. § 2235.

Appeal from Fourth district court.

Action by Daniel C. Potter against the New York City Baptist Mission Society and others. From a final order in summary proceedings awarding the delivery of possession of certain premises to the petitioner, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

John E. Parsons, for appellants.

Benjamin Scharps, for respondent.

GIEGERICH, J. These proceedings were brought by the respondent to regain the possession of the "second floor (being the second floor above the basement) of the premises or building known as the 'Church House' of the Tabernacle Baptist Church in the city of New York, and also designated by the number '162 Second Avenue' in said city," from which he claims he was forcibly dispossessed by the appellants. The petition alleges that the petitioner, when so evicted, was in the peaceable possession of the said premises "by virtue of a certain arrangement or agreement made and entered into between himself and Julia Ross, as lessee of said entire premises (of which the floor occupied by your petitioner as aforesaid forms a part), by the terms of which agreement your petitioner duly became entitled to and went into the possession of the floor occupied by him as aforesaid." The appellants insist that the court below did not acquire jurisdiction of the subject-matter of the proceeding for the reason that the petition wholly fails to describe the interest of the petitioner in the premises, pursuant to section 2235 of the Code of Civil Procedure, which in part prescribes:

"The applicant must present to the judge or justice a written petition * ⁂ ⁂ describing the premises of which the possession is claimed, and the interest therein of the petitioner, or the person whom he represents; stating the facts, which, according to the provisions of this title, authorize the application by the petitioner."

When the proceedings were called for trial, and after the answer had been filed, the defendants objected to the jurisdiction of the court, and moved for a dismissal of the proceedings upon the grounds above stated, and the learned justice, in denying the motion, in part said:

"If this objection had been raised on the return day of the precept, there is no doubt whatever in my mind but that it would have been well taken, and it would have been my duty in a decision to sustain it. I am, however, of the opinion that, inasmuch as you tendered the issue upon that very allegation, and have come into court, and answered the petition, and have, ever since the answering of the petition, appeared several times in court without raising the objection, to raise it to-day is too late, and the court is with proper jurisdiction of these proceedings to try them. I am of the opinion that the counsel should have raised the objection before answering the petition."

The defendants duly excepted, and this brings up for review the correctness of such ruling.

The above set forth requirements are part of the provisions of the Code of Civil Procedure regarding "summary proceedings to recover the possession of real property" (chapter 17, tit. 2), which were compiled from part 3, c. 8, tit. 10, arts. 1, 2, 2 Rev. St. pp. 507–516, and amendments thereto (Throop's Ann. Code 1891, p. 351). The enactments so superseded were divided into two articles, the first entitled "Of forcible entries and detainers," and the second, "Summary proceedings to recover the possession of land in other cases," and the remedies thereunder were different in substance and form. Article 1, supra, had its origin in the act respecting forcible entries and detainers (1 Rev. Laws, p. 96), which was of a criminal character, and, though subsequently enlarged so as to embrace to a certain extent a civil remedy, the form of proceeding and the rules of law which governed it remained to a great degree unchanged. Wood v. Phillips, 43 N. Y. 152, 157. Under the old acts, evidence to disprove the complainant's title was not admissible upon the trial of the indictment, it being sufficient for the party complaining, in order to recover, to show that he had been in peaceable possession before the defendant's entry. People v. Leonard, 11 Johns. 504; People v. King, 2 Caines, 98. The principle of the decision of the above cited cases was embodied in section 11 of said provisions of the Revised Statutes, which provided:

"On the trial of such traverse, the complainant shall only be required to show, in addition to the forcible entry or detainer complained of, that he was peaceably in actual possession at the time of a forcible entry, or was in constructive possession of the premises at the time of a forcible holding out."

The Code of Civil Procedure (section 2245) contains the following provision:

"Where the application is founded upon an allegation of forcible entry or forcible holding out, the petitioner must allege and prove that he was peaceably in actual possession of the property, at the time of a forcible entry, or in constructive possession, at the time of a forcible holding out."

It will be observed that the word "only" has been omitted from the latter act. Whether the legislature intended by the enactment of the above-cited requirements of section 2235 to require proof of the matters so required to be alleged, in addition to those specified in section 2245, above set forth, need not be decided upon this appeal in view of the conclusion reached respecting the validity of the petition. But it is deemed proper to state in passing that, while title is not in issue, every fact which tends to establish the character or extent of the possession of the party complaining is admissible. People v. Reed, 11 Wend. 157, 159; 8 Am. & Eng. Enc. Law, pp. 167, 168, and citations; Muller v. Balke (Ill. Sup.) 47 N. E. 355. Evidence of an adverse title, however, cannot be given, even to prove the extent of the defendant's possession. 8 Am. & Eng. Enc. Law, p. 167. Section 2235 was taken from sections 2, 3, and 29 of the above-cited provisions of the Revised Statutes, which the codifiers say were "consolidated and amended so as to correspond with the preceding section." They continue thus: "In other respects this section retains the essential language of the provisions from which it has been compiled." Throop's Ann. Code 1891, p. 357. Sections 2 and 3 related to the complaint in proceedings for a forcible entry and detainer, and section 29 specified the facts to be set forth by affidavit in proceedings under article 2. Section 3, from which the language of the before-recited portion of section 2235 of the Code was substantially taken, prescribed:

"Such complaint shall be in writing and shall be accompanied by an affidavit of such forcible entry or forcible holding out, and that the complainant has an estate of freehold or for term of years in the premises, then subsisting, or some other right to the possession thereof, stating the same."

The revisers, in their preliminary note relating to forcible entries and detainers in the Revised Statutes, state that the purpose of the revision of the acts from which they were taken was "to present as clearly and distinctly as possible the substance and effect of our acts, as understood and practically executed in England and in this state." Edm. St. at Large, pp. 492–494, § 5. At the time of the adoption of said statutory provisions it was essential to the validity of an indictment under the statutes that the interest of the party complaining in the premises be described with particularity. People v. Nelson, 13 Johns. 339, 343; Reg. v. Griffith, 3 Salk. 169; Rex v. Blake, 3 Burrows, 1732; Rex v. Wilson, 8 Term R. 358; 2 Burn, J. P. p. 601; Dalt. Just. c. 130, p. 304; Chit. Cr. Law (Am. Ed. 1832) p. 1136. See Harding's Case, 1 Greenl. 26. It was otherwise, however, by the common-law rule, as unaffected by statutes, English or American. Rex v. Wilson, supra; State v. Pollok, 26 N. C. 305; Bish. New Cr. Law, p. 287, § 501.

It will be seen upon an examination of the above set forth provisions of section 3 of the Revised Statutes that they were drawn in pursuance of the rule laid down in the decisions and text-books first above cited, which required the particular estate of the party complaining to be described in the indictment. These views find confirmation in the reviser's notes to section 11, supra, which state:

"Sections 9 to 11 same as sections 8 to 10, Rev. St., original note to section 10, 'new' section 12.    Partially enacted in section 11, Rev. St., with the alterations suggested by the following note: 'Original note.    The first part of this section is an attempt to enact the decisions of the supreme court, in [People v. Nelson] 13 Johns. 340, and [People v. Leonard] 11 Johns. 504, although the utility of the provision is questionable.    Perhaps the policy of the act would be better promoted by declaring, instead of the provision in the text, that the complainant shall not be required to show his right or title, but only that he was peaceably in possession of the premises at the time of the entry.'    The residue is the same as the fourth section of the present act, substituting the word 'interest' or 'estate,' so as to remove ambiguities."

As we have seen, section 11, supra, related to the proof, while section 3 of the same article prescribed what the complaint shall contain.    The requirement that the estate of the party complaining be described with particularity in the preliminary papers contained in the before-recited provisions of the Revised Statutes (section 3) and the Code (section 2235) has been the subject of adjudication in a number of cases.

In People v. Reed, supra, Savage, C. J., said:

"In the case of People v. Van Nostrand, 9 Wend. 50, it was intimated that under the Revised Statutes the nature of the estate need not be set forth in the indictment, and that possession alone was sufficient.    For the sake of having the pleadings and proof agree, and that the court may see that the complainant is entitled to restitution, it is certainly proper to state the complainant's interest truly."

In People v. Field, 52 Barb. 198, Mullin, J., said (page 209):

"The legislature, in framing the statute in question, intended to require the party to disclose the nature of his right to the possession, how and from whom it was acquired, so that it would appear that his right was a legal and valid one."

And upon a subsequent appeal in the same case (58 Barb. 270) the court, speaking through Potter, J., said (page 273):

"The third section of the statute (2 Rev. St. p. 508) entitled 'Of forcible entries and detainers' requires that the complaint shall show that the complainant has some estate in the premises, then subsisting, or some other right to the possession thereof, stating the same.    The relator alleged, as is seen, 'that he had a good and legal right and estate to said premises, and that he still has a legal right to the possession of said premises.'    This is not stating the right, but the legal conclusion."

The foregoing cases arose under the Revised Statutes, while the following were decided under the Code.

In Schneider v. Leizman, 57 Hun, 561, 11 N. Y. Supp. 434, Dwight, P. J., said (page 562, 57 Hun, and page 435, 11 N. Y. Supp.):

"The statute plainly requires a description of the particular title, estate, or interest, under which the petitioner claims."

In Fuchs v. Cohen, 19 N. Y. Supp. 236, 29 Abb. N. C. 56, and 22 Civ. Proc. R. 269, the petitioner alleged that she "is a tenant of the premises, pursuant to an agreement with the landlord."    The court, through Pryor, J., after passing upon the sufficiency of the proof, said:

"The statute requires that in forcible entry and detainer the applicant must present to the justice 'a written petition describing the premises and the interest therein of the petitioner' (Code, § 2235), which means 'a description of the particular title, estate, or interest under which the petitioner claims'

(Schneider v. Leizman [Sup.] 11 N. Y. Supp. 434). Here the petition recites merely that the applicant 'is the tenant of the premises pursuant to an agreement with the landlord.' Tenant simpliciter is 'one who holds or possesses lands or tenements by a kind of title.' McAdam, Landl. & Ten. 45. Whether the applicant was tenant for years, or from year to year, or from month to month, or at will, or at sufferance, is not indicated by the petition; wherein, therefore, 'is not a description of the interest of the petitioner, but at most an allegation that she had some interest which entitled her to the possession.' Schneider v. Leizman, supra. An allegation of interest is not equivalent to a description of the interest. The complainant should disclose in his petition the nature of his right to the possession, and how and from whom it was acquired; and an allegation as to his rights, without facts to sustain it, is a legal conclusion. People v. Field, 52 Barb. 198. A technical objection suffices to defeat the proceeding. People v. Smith, 24 Barb. 16; People v. Whitney, 1 Thomp. & C. 533. The defect in the description of petitioner's interest in the premises deprived the court of jurisdiction. Schneider v. Leizman, supra."

In Cahill v. Wyand, 22 Civ. Proc. R. 271, the petition failed to describe the interest of the petitioner in the premises, and Bischoff, J., said, in relation thereto (page 273), "that the justice did not obtain jurisdiction because of the omission from the petition in the forcible entry and detainer proceedings, of a particular description of the petitioner's interests in the premises."

The case of Society v. Potter, 20 Misc. Rep. 191, 44 N. Y. Supp. 1051, cited by the respondent, is inapplicable to the question under consideration. There an injunction was applied for to restrain the prosecution of these proceedings in the court below, and Pryor, J., at special term, held that, as there was a perfect defense, and which was available in the court below, the application should be denied. Respecting the case of Fuchs v. Cohen, supra, the learned judge said (page 194, 20 Misc. Rep., and page 1053, 44 N. Y. Supp.) that there "the question as to the validity of the petition arose upon appeal from a final order in the proceedings, and hence is no authority for the proposition that an insufficient description of the petitioner's interest gives equity jurisdiction to enjoin the proceedings."

The case of Campbell v. Mallory, 22 How. Prac. 183, while not directly in point upon the question under consideration, may nevertheless be cited by way of illustration. There the proceedings were brought under article 2 of the Revised Statutes, supra, to recover the possession of the following described premises by reason of the expiration of the tenant's term therein, viz.: "A certain house and lot, situate in the village of Penn Yard, in the town of Milo, and county of Yates." Briggs, J., passing upon the sufficiency of the affidavit containing such description, said (page 187):

"This description is too general, and, in my judgment, does not meet the requirement of the statute. Denel v. Rust, 24 Barb. 438. Looking at the design of the statute, I can see an obvious reason why the affidavit should describe the premises, for it is upon this that the magistrate predicates his jurisdiction and action in issuing his summons under section 30."

The case of People v. Teed, 48 Barb. 424, cited by the respondent, has no application, for the reason that it was a proceeding under article 2, supra, to recover the possession of land for nonpayment of rent, and wherein it was merely decided that the affidavit of the

landlord need not state the date or duration of the lease by virtue of which rent is claimed.

The views expressed by Mr. Justice Pryor in Fuchs v. Cohen, supra, are in accord with those of the text writers. Judge McAdam, in his work on Landlord & Tenant (2d Ed., p. 717) says: "The mere allegation of the complainant's right of possession, without stating the right, is a mere legal conclusion, and the proceedings upon motion should be dismissed for the defect." Taylor holds that the complainant's interest must be truly stated. Tayl. Landl. & Ten. (2d. Ed.) p. 403, § 790. Wood lays down the rule that the complainant's estate must be set forth. Wood, Landl. & Ten. p. 975, § 562. The case of Fuchs v. Cohen, supra, is, in my opinion, an adjudication bearing directly upon the point under consideration. Stripped of its verbiage, the description of the petitioner's interest in the premises is substantially the same as in the one before us. Moreover, the tenant appears to have pleaded to the merits, as herein. This case, to my mind, comes clearly within the principle of the decision referred to, and therefore, upon principle and authority, it must be held that by reason of a total absence of an allegation requisite to give jurisdiction the court below never acquired any, and hence its acts in this proceeding were coram non judice.

It may be urged that no practical purpose is served by requiring the applicant in proceedings of this character to describe his interest in the land to the possession of which he seeks to be restored, but in People v. Reed, supra, it was intimated that a mere intruder or trespasser, and in People v. Field, 1 Lans. 222, 247, it was held that a transferee of a licensee of the owner of the land, could not institute proceedings under the statute, and hence the necessity and the wisdom of the requirement. Besides, under the provisions contained in 1 Rev. Laws, p. 96, the remedy was restricted to cases where the party complaining was seised of a freehold, or was possessed of a term for years. People v. Nelson, supra; People v. Van Nostrand, 9 Wend. 51, 52.

The learned author of 8 Am. & Eng. Enc. Law, p. 152, adverting to the purpose of the rule requiring a description of the complainant's estate, says:

"The object of this requirement would seem to be to show that the possession or right of possession of the complainant was legal and sufficient."

Bishop, in his New Criminal Law (volume 2, p. 287, § 501), commenting upon the same subject, says:

"On principle we may not easily see how, under any of these statutes, the matter can be otherwise than that as at the common law, except where the prosecutor proposes to ask for a judgment of restitution. Where he does so propose, clearly the indictment, on authority, and perhaps on principle, must set out his title."

And the purpose of this requirement is further illustrated by the following remark of Spencer, J., in People v. Nelson, 13 Johns. 343:

"Tenants at will or sufferance are not protected by the statute, and yet, if it were not essential to allege the estate to bring it within the reach of the statute, tenants of that description might avail themselves of the remedy afforded by the statute contrary to its plain intendment."

It may likewise be argued that the construction given to the above-cited provisions of section 2235 of the Code is too strict, in view of the provisions of section 3345 of the Code, whereby it is declared that "the rule of the common law that a statute in derogation of the common law is strictly construed does not apply to this act." But it seems to me that the latter enactment cannot be invoked for the purpose of nullifying settled rules of law.

It may be further claimed that the object of the legislature in enacting the above-recited provisions of the Code was to confer the remedy upon those having any right to the possession, and hence one showing such right is entitled without further proof to the benefit of said enactment. True, but, the lawmaking power having provided the remedy, it has the right to prescribe the mode in which the same should be pursued, and, as this was not followed here, jurisdiction of the subject-matter was not acquired.

In Miller v. Brinkerhoff, 4 Denio, 119, Browson, C. J., said (page 120):

"When certain facts are to be proved to a court of special and limited jurisdiction as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void, in whatever form the question may arise. * * * But when the proof has a legal tendency to make out a proper case in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be held valid until it is set aside by a direct proceeding for that purpose. In one case the court acts without authority; in the other it only errs in judgment upon a question properly before it for adjudication. In one case there is a defect of jurisdiction; in the other there is only an error of judgment. Want of jurisdiction makes the act void; but a mistake concerning the just weight and importance of evidence only makes the act erroneous, and it will stand until reversed."

The doctrine of this case has been applied in numerous cases, among which may be mentioned: Staples v. Fairchild, 3 N. Y. 41; People v. Liscomb, 60 N. Y. 559, 568; Roderigas v. Savings Inst., 63 N. Y. 460, 464; Potter v. Ogden, 136 N. Y. 384, 33 N. E. 228; Campbell v. Mallory, 22 How. Prac. 183, 188.

In Allison v. Preserve Co., 20 Misc. Rep. 367, 45 N. Y. Supp. 923, McAdam, J., said:

"An appellate court may so far act upon the void determination as to reverse it with costs of the appeal, and thus restore the parties to the position they originally occupied. McMahon v. Rauhr, 47 N. Y. 67."

If the view that the court below did not acquire jurisdiction of the subject-matter of this proceeding because of the failure to describe the interest of the applicant in the premises is well founded, then it follows that the defendants were not, as claimed, precluded from objecting to the jurisdiction of the court because the motion to dismiss the proceedings was not made until after they had filed their answer. It is a familiar principle that when for any cause a court has no jurisdiction of the subject-matter in an action or proceeding, neither an appearance, consent of the parties, nor pleading to the merits and going to trial will give it jurisdiction. Dudley v. Mayhew, 3 N. Y. 9; Burckle v. Eckhart, Id. 132; Campbell v. Mallory, supra; Wheelock v. Lee, 74 N. Y. 495; Davidsburgh v. Insurance

Co., 90 N. Y. 526; Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. 625; Grafton v. Brigham, 70 Hun, 131, 24 N. Y. Supp. 54; Nazro v. Cragin, 3 Dill. 474, Fed. Cas. No. 10,062; Person v. Casualty Co., 84 Fed. 759; Taliferro v. Bassett, 3 Ala. 670; Winn v. Freele, 19 Ala. 171; Jeffries v. Harbin, 20 Ala. 387; Jacks v. Moore, 33 Ark. 31; Feillett v. Engler, 8 Cal. 77; Doctor v. Hartman, 74 Ind. 221; Smith v. Myers, 109 Ind. 9, 9 N. E. 692; Lindsey v. McClelland, 1 Bibb, 262; Chapman v. Morgan, 2 G. Greene, 374; Hurd v. Tombes, 7 How. (Miss.) 229; Gilliland v. Sellers, 2 Ohio St. 223; Agee v. Dement, 1 Humph. 332; Lawrence v. Wilcock, 11 Adol. & E. 941.

In Campbell v. Mallory, supra, an objection to the jurisdiction of the magistrate on the grounds hereafter mentioned was raised for the first time on appeal, and Briggs, J., said in reference thereto (page 189, 22 How. Prac.):

"But it is still insisted that, though the affidavit was insufficient to confer jurisdiction, the magistrate acquired jurisdiction notwithstanding, by the appearance of the tenant before the magistrate without taking this objection, and litigating the matter upon the merits. Had the magistrate acquired jurisdiction of the subject-matter so as to have authorized him to issue his summons under section 30, and had there been any defect in this process, or the manner of its service, yet, the tenant appearing in obedience to its command, and not pointing out such defect by objection, I am of the opinion that he would be too late to raise an objection for the first time on appeal, and for this obvious reason: Jurisdiction of the subject-matter having been acquired under the statute by virtue of the affidavit, and of the person by appearance, no question not raised before the magistrate could be considered in this court. But it may be said that the statute confers this jurisdiction. In a general sense, the statute does confer upon the magistrate jurisdiction of proceedings of this character; yet, after all, this jurisdiction must be taken and exercised in strict conformity to the statute, and in no other way can his acts be recognized as valid. The magistrate not having acquired jurisdiction of the subject-matter for the reasons stated, he could not take jurisdiction of any of its consequences or incidents (In re Ferguson, 9 Johns. 239), nor could consent confer this jurisdiction (Coffin v. Tracy, 3 Caines, 129), though it will of the person when jurisdiction of the subject-matter has been previously acquired."

In Davidsburgh v. Insurance Co., supra, Danforth, J., said (page 529, 90 N. Y.):

"In the present case the defendant did not take the objection by its answer, but at the end of the plaintiff's case. The point of time does not seem material. The court could not acquire jurisdiction by consent, and might, whenever its attention was called to the defect in the proceedings, refuse to exceed the powers conferred by the law of its creation. There are, no doubt, many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision; but, where the state prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact."

In Grafton v. Brigham, supra, the court, speaking through Barrett, J., held that a magistrate in summary proceedings can acquire jurisdiction of the person by consent, though not, of course, of the subject-matter; and cited Campbell v. Mallory, supra, in support of such proposition.

In Agee v. Dement, supra, it was held that, where a court or justice has no jurisdiction of the subject-matter in dispute, such

want of jurisdiction cannot be waived by appearance, plea, consent, or in any way whatever, and any judgment rendered in such case was void to all intents and purposes. In Person v. Casualty Co., supra, Hammond, J., said (page 766, 84 Fed.):

"If there had been no process at all, the appearance of the defendants would have been good, provided the suit had been well brought in the beginning; that is to say, brought by one having the right to bring such a cause of action, either for himself or for those who might be substituted for him. The original plaintiff had no such right, and it is for this reason that the suit is dismissed, and not because he defectively proceeded in his suit."

Numerous other cases might be cited in support of the proposition that objection to jurisdiction of the subject-matter may be raised at any time, and even for the first time on appeal; but, as the doctrine is so firmly imbedded in our system of jurisprudence, further citation of authorities is deemed wholly unnecessary.

The respondent has called our attention to certain expressions employed by judges in People v. Reed, supra, and People v. Field, 52 Barb. 198, to the effect that the defendant must object to the sufficiency of the complaint before pleading to the merits, or else will be deemed to have waived the objection. A careful scrutiny of the same, however, shows that they are followed in each instance by a statement that the defect adverted to was not of such a character as to deprive the magistrate of jurisdiction. They are, therefore, mere obiter dicta. But it was expressly held in People v. Wilson, 13 How Prac. 446, that it was not too late to move to quash the inquisition after it had been traversed by the defendant. This case, as far as I have been able to discover, has not been overruled or distinguished. On the contrary, it was cited with approval in People v. Field, 52 Barb. 210, and People v. Whitney, 1 Thomp. & C. 533, 536.

In McCarthy v. Noble, 5 N. Y. Leg. Obs. 380, there is a statement to the effect that "the appearance of the defendant before the justice in summary proceedings to recover the possession of land is a waiver of any defect in the affidavit upon which the proceedings were founded." However, as the facts in relation thereto are not given, it is assumed that the defect was not fatal.

The cases cited by the respondent touching waiver of jurisdictional objections have no application, for the reason that they relate solely to jurisdiction in personam, which, as seen, may be acquired by a tribunal having jurisdiction of the subject-matter by the general appearance of the defendant, or by his pleading to the merits. 12 Am. & Eng. Enc. Law, p. 299, and citations. Such, however, is not the case here, as the court below never acquired jurisdiction of the subject-matter, because the petition was wholly defective in the regard stated. The only defect in a petition under said provisions which, in my opinion, may be waived, is one pertaining to form, and not substance. To hold otherwise would confer upon courts of limited jurisdiction powers not even possessed by courts of original jurisdiction, viz. to entertain jurisdiction of the subject-matter, in the absence of the constituent elements.

The applicant was allowed upon the trial, against the defendants' objection and exception, to amend the petition by alleging ad-

ditional facts concerning his alleged interest in the premises. This, to my mind, could not be done, as the court had never acquired jurisdiction of the subject-matter.

As was said by McAdam, J., in Marchand v. Haber, 16 Misc. Rep. 319, 321, 37 N. Y. Supp. 950, 951: "A justice cannot, by amending a proceeding in a particular which is necessary to give him jurisdiction, acquire an authority nunc pro tunc."

There were other grounds urged for a reversal of the final order, but, in view of the conclusion reached that the court below never acquired jurisdiction of the proceedings, it will not be necessary to consider them.

For these reasons the final order should be reversed, with costs to the appellants. All concur.