(28 Misc. Rep. 162.)

## BLISS v. CARYELL.

(Supreme Court, Appellate Term. June 28, 1899.)

LANDLORD AND TENANT—SUMMARY PROCEEDING TO RECOVER POSSESSION.

A petition in a summary proceeding to dispossess a tenant for nonpayment of rent may be verified by the agent of the landlord; and where the tenant appears on the return day of the precept, and proceeds to trial without objecting to any defect in the petition, he cannot afterwards ob-

ject to the jurisdiction of the court on the ground that, after the issuance of the precept, and before the trial, the name of the landlord had been substituted in the verification for that of the agent.

Appeal from municipal court, borough of Manhattan, Sixth district.

Summary proceeding by Harriet W. Bliss against George H. Caryell to dispossess defendant as her tenant for nonpayment of rent. From a final order in plaintiff's favor against defendant upon the verdict of a jury, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

David & O'Brien, for appellant.
W. O. Campbell, for respondent.

FREEDMAN, P. J. The return in this proceeding, at the time the appeal from the order was taken, showed that the precept herein was issued January 3, 1898, while the petition appeared to have been signed and verified on January 5, 1898. The petition was originally made by one Leonard G. Bliss, as agent for the landlord, and subsequently his name was erased from the body and end of the petition and from the end of the verification, and the name of Harriet W. Bliss substituted therefor, although the name of Leonard G. Bliss appears in the body of the verification. The precept was returnable on the 7th day of January, 1898. At that time the parties appeared, and the case was adjourned by consent until January 14, 1898, when the parties again appeared, and the case was tried with a jury, who rendered a verdict in favor of the landlord. An appeal was taken by the tenant, and upon the argument of the appeal the question of the variance between the dates of the precept and the petition, and the erasures and alterations therein, appears to have been raised for the first time. The appellate term thereupon ordered an amended return to be made, directing that such amended return should disclose when the petition was filed, and what its condition was at the time of filing, and when the alterations appearing therein were made. 55 N. Y. Supp. 912. The court below made an amended return containing affidavits of the officer before whom the petition was verified, of Leonard G. Bliss, who, the appellant claimed, was the one who verified the petition on January 3, 1898, and of Abram Bernard, the clerk of the court from which the precept was issued. While these affidavits are open to the criticism that they do not in direct terms contain the positive allegation that the landlord herein named signed and verified the petition on the 3d day of January, 1898, yet from a careful reading of them, and viewing them in connection with all the facts and circumstances in the case, the legitimate and reasonable inference must be drawn that such was the fact. The affidavit of Fowler, the commissioner of deeds before whom the petition was verified, swears that the date in the petition and the verification "should have been the 3d instead of the 5th of January, 1898, upon which date the petition was actually drawn and filed; that all erasures and alterations were

made in the petition before it was filed; and that it was filed on January 3, 1898." Bernard testifies that he was the clerk of the municipal court when the precept was issued; that the rule prohibiting any alterations or erasures in papers on file is strictly enforced in his office; that one Phillip Ahern (since deceased) was the assistant clerk in January, 1898; that, from his knowledge of the methods of Ahern, he believes that Ahern never permitted any papers to be taken from the files, and altered; and that he (Bernard) believes all the papers in the proceeding are exactly in the same condition as when filed, and as they were before and after the trial of the case. If, therefore, the petition was verified and filed January 3, 1898, and all the apparent alterations and erasures were made prior to such filing, it must be evident that on the day the precept was issued, viz. January 3d, the petition must have been signed and verified by the landlord in this action on that date, and prior to the issuing of the precept. The fact that the name of Leonard G. Bliss appears in the verification is merely an irregularity, and the court properly and legally acquired jurisdiction in the proceeding. Chadwick v. Spargur, 1 Civ. Proc. R. 422. The appellant admits in his brief that the petition was filed January 3, 1898, but claims that Leonard G. Bliss signed and verified it on that day, and that the name of Harriet W. Bliss was, on January 5th, 1898, substituted for that of Leonard G. Bliss. Assuming that Leonard G. Bliss, as agent of Harriet W. Bliss, made and verified the petition, this he had a right to do, and the court would thereby acquire jurisdiction of the subject-matter of the controversy; and, the tenant having appeared in obedience to its command, and proceeded to trial without pointing out the defect, if any existed in the petition, by objection, and the alleged alteration, if made after January 3d, having been made prior to the day of trial, the court would not be devested of the jurisdiction thus acquired. Campbell v. Mallory, 22 How. Prac. 183. The cases cited by the appellant are not applicable to the case at bar. The nearest one in point is that of Coatsworth v. Thompson, 5 N. Y. St. Rep. 809, but in that case the defects were pointed out by objection on the part of the tenant on the day to which the case had been adjourned by consent, and the court held "that there had been no such appearance by the defendant on the return day of the precept as amounted to a waiver of his right to make objections to the insufficiency of the petition." Upon the application of the appellant herein the trial court was directed to make a further amended return. It appears that the facts sought to be incorporated into the record by the further amended return were merely some discussion between counsel for the respective parties and the court, had after the case was submitted to the jury, and while they were absent from the room, deliberating upon their verdict. The statements made in the return relative to those matters are conclusive upon the court, and they do not appear to warrant the criticism made thereon by counsel in their brief. The denial of the request made by the tenant's counsel to charge the jury as to what disposition should be made by them by their verdict of the $700 mentioned in the lease between the parties was proper. The other points raised by the appellant refer to dis-

puted questions of fact, which were decided by the jury in favor of the landlord, and there is nothing in record requiring a reversal of their verdict.

Order affirmed, with costs to the respondent. All concur.