ENGEL–HELLER CO. v. HENRY ELIAS BREWING CO.

(City Court of New York, General Term.   December, 1901.)

PROCESS—SERVICE—REGULARITY—PRESUMPTION.
        The return of service of a precept in dispossess proceedings against
    two parties stated that service was had by affixing a true copy thereof
    to the door, etc.  There was no showing that only one copy was affixed.
    *Held* that, in the absence of such showing, it will be presumed in sup-
    port of a judgment that one copy was placed upon the door of the prem-
    ises for each of the persons against whom possession was demanded.

Appeal from special term.

Action by the Engel-Heller Company against the Henry Elias
Brewing Company.   From a judgment in favor of plaintiff, defendant
appeals.   Affirmed.

Argued before CONLAN and HASCALL, JJ.

Paskusz & Cohen (Martin Paskusz and William S. Gordon, of
counsel), for appellant.

Dittenhoefer, Gerber & James (David Gerber, of counsel), for re-
spondent.

CONLAN, J.   The action was brought to recover the rent of cer-
tain premises leased to one Samuel Levy, and the lease thereafter
assigned to the defendant, with the consent of the lessor indorsed
in writing as follows, namely:   "I hereby consent to the assignment
of within lease to the Henry Elias Brewing Company."   In default
of payment of the rent thereof, dispossess proceedings were insti-
tuted, and resulted in a judgment in favor of the landlord for the
possession of the premises.   It is the contention of the defendant
that, because of certain alleged defects in these proceedings, the
judgment rendered therein was not res adjudicata as to this defend-
ant, so far as to fix his liability for the unpaid rent to the time when
possession was re-established in the landlord.   That issue, we are
obliged to say, was determined in the other tribunal in favor of the
landlord; and, the defendant having had his day in court, he be-
came bound by the judgment rendered.   We think that the objection
raised to the regularity of that proceeding on the ground that two
written copies of the precept were not placed upon the door of the
premises, one for each of the persons against whom possession was
demanded, was unfounded in fact, because the record does not show
that such was the case.   The affidavit of service thereof is in the
following words:   "He did serve the within precept on Samuel Levy
and the Henry Elias Brewing Company, the tenant herein, by affix-
ing a true copy thereof," etc.   And we may not infer that only a
single copy was, therefore, affixed.   In the absence of any evidence
to the contrary, we are bound to presume that there was done in
this particular all that was required.   The judgment of the other
tribunal was conclusive as to fixing the liability of the defendant.
Grafton v. Brigham, 70 Hun, 131, 24 N. Y. Supp. 54.

There was no dispute as to the amount of the rent due, and, for
the reasons stated, we think that the direction of a verdict was right,

and should not be interfered with. Judgment and order appealed from affirmed, with costs.

Judgment and order affirmed, with costs.

HASCALL, J., concurs.