## Case No. 12,206.

### SADDLER et al. v. HUDSON et al.

[2 Curt. 6.] [1]

Circuit Court, D. Maine. Sept. Term, 1854.

#### COURTS—JURISDICTION—RESIDENCE.

This court has not jurisdiction to render a judgment in a patent cause, against a defendant not a resident in the district, and on whom no personal service of the writ has been made, and who has not appeared in the action, though an attachment was made of his property.

[Cited in Anderson v. Shaffer, 10 Fed. 267; Boston Electric Co. v. Electric Gaslighting Co., 23 Fed. 839; U. S. v. American Bell Telephone Co., 29 Fed. 44; Treadwell v. Seymour, 41 Fed. 581.]

[This was an action at law by Lincoln Saddler and others against Charles H. Hudson and others. Heard on motion to dismiss.]

F. O. J. Smith, for plaintiffs.

Shepley & Dana, contra.

CURTIS, Circuit Justice. This is a motion to dismiss an action at law for want of jurisdiction. It is an action on the case founded on letters patent. The defendants are described in the writ, as "citizens of the United States, and transacting business in the city of Portland, within said district of Maine." The marshal returns on the writ, that he has attached property of the defendants, and "I have summoned the within named defendants to appear at court, by giving to Stephen Berry, agent of said defendants, a summons in hand, the said defendants both residing out of the district of Maine." The question is whether this court has jurisdiction over the defendants, who are not inhabitants of this district, nor found therein, and upon whom personal service of the process has not been made.

This question was considered by the supreme court, in the case of Toland v. Sprague, 12 Pet. [37 U. S.] 329. It was there held, by a majority of the judges, that a process of foreign attachment, by which the property of a defendant was attached, by virtue of the state laws adopted by the process acts of 1789 (1 Stat. 93), and 1792 (1 Stat. 275), could not give the circuit court jurisdiction over a person not an inhabitant, and not found within the district. There is no sound distinction between a direct attachment and a foreign attachment. The rule announced by the court in that case, and repeated in Levy v. Fitzpatric. 15 Pet. [40 U. S.] 171, is that process of attachment against the property of a nonresident defendant, cannot issue from a circuit court, except as part of, or together with process to be served on his person; and that no judgment can be rendered against a nonresident defendant, who has not been personally served with process, unless he has entered an appearance. In Picquet v. Swan [Case No. 11,134], Mr. Justice Story had previously

held the same views, and this law has been followed since in numerous cases. The case of Allen v. Blunt [Id. 215], affords a strong illustration of the strictness with which the rule has been applied; that also was a suit on a letters patent.

The case must be dismissed for want of jurisdiction.