GUILD (SAWIN v.). See Case No. 12,391.
GUILD (WOODMAN PEBBLING MACH. Co. v.). See Case No. 17,981.

## Case No. 5,861.
### GUILLOU v. FONTAIN.
[32 Leg. Int. 362; 21 Int. Rev. Rec. 348; 2 Am. Law T. Rep. (N. S.) 502; 1 N. Y. Wkly. Dig. 269; 8 Chi. Leg. News, 25; 23 Pittsb. Leg. J. 33; 7 Leg. Gaz. 321.] [1]
Circuit Court, E. D. Pennsylvania. Oct. 4, 1875.

FOREIGN ATTACHMENT IN PENNSYLVANIA.

The federal courts in this district have the power to issue writs of foreign attachment according to the laws of the state of Pennsylvania.

[1] [Reprinted from 32 Leg. Int. 362, by permission. 1 N. Y. Wkly. Dig. 269, contains only a partial report.]

[In error to the district court of the United States for the Eastern district of Pennsylvania.]

[2] [This was an action of debt, commenced by the plaintiff in error [Guillou, assignee in bankruptcy of Charles Vezin], in June, 1873, by process of foreign attachment, in the district court of the United States, for the Eastern district of Pennsylvania. The attachment was served on July 1, 1873, upon the property of the defendant in error, in the hands of the garnishees, as endorsed upon the writ; and on the 23d day of July following, the plaintiff filed his declaration, setting forth that on the 18th day of October, A. D. 1869, a limited partnership was formed, under the provisions of the acts of assembly of the commonwealth of Pennsylvania in such case made and provided, between the said defendant, as special partner, and Charles Vezin, as general partner, for the transaction of the business of the importation and sale of gloves, under the firm name of Chas. Vezin and Co., for a term to commence on the 18th day of October, A. D. 1869, and to terminate on the 18th day of October, A. D. 1872, the amount of the capital contributed by the said special partner being fifty thousand dollars in cash. That afterwards, at various specified times, and while the said limited partnership continued and was in existence, portions of said capital so contributed by said special partner to the common stock of said firm were withdrawn by and paid to the said defendant as and in the name of interest on the said capital, amounting together to the sum of five thousand seven hundred and eighty-two seventy-seven one-hundredth dollars. That by such payment of interest to the said special partner, the defendant in this action, the original capital has been reduced by an amount of five thousand seven hundred and eighty-two seventy-seven one-hundredth dollars. That afterwards, to wit, on the 29th day of November, A. D. 1871, the said Charles Vezin, trading as Charles Vezin and Co., was, on creditors' petitions filed in the said court, duly adjudicated a bankrupt; and this plaintiff was afterwards, to wit, on the 22d day of January, A. D. 1872, duly appointed assignee, and an assignment by instrument of writing under the hand of Edwin T. Chase, Esq., one of the registers in bankruptcy of said court, bearing date January 22, A. D. 1872 (here shown to the court), assigning and conveying to this plaintiff all the estate real and personal of the said Charles Vezin, bankrupt, with all his deeds, books, and papers relating thereto, was duly made and delivered to this plaintiff. By means and reason whereof an action has accrued to this plaintiff to demand, and have of and from the said defendant the sum of five thousand seven hundred and eighty-two seventy-seven one-hundredth dollars above demanded. The defendant [William Fontain] failing to appear, a motion was made at the third term of the court ensuing the execution of the writ, for judgment for such default,

[2] [From 21 Int. Rev. Rec. 348.]

which was refused; the court, Cadwalader, J., saying, "that if the jurisdiction which the first section of the act of congress of the 2d of March, A. D. 1867 [14 Stat. 517], to establish a uniform system of bankruptcy throughout the United States, confers upon this court, of suits for collection of assets of the bankrupt, enables the assignee in bankruptcy to proceed as plaintiff in such a suit by way of foreign attachment, in any case the demand of the present plaintiff, as appears from his declaration, is not such as to sustain a proceeding by foreign attachment." The case was then removed to the circuit court upon a writ of error; the assignment of error being the refusal of the court below to grant judgment against the defendant for default of an appearance.][2]

J. C. Longstreth, for plaintiff.

McKENNAN, Circuit Judge. As far back as 1809, at least, it was the practice in the federal courts, in this district, to issue writs of foreign attachment according to the laws of the state of Pennsylvania. Fisher v. Consequa [Case No. 4,816], and Toland v. Sprague, 12 Pet. [37 U. S.] 300, are proofs of the existence of this practice. In some, only, of the United States circuits did this practice prevail, while in others its legality was denied. But in Toland v. Sprague a majority of the supreme court held, that, in the courts of the United States, the right to attach property to compel the appearance of persons can be properly used only in cases in which such persons are amenable to the process of the court, in personam. The question was certainly presented in the case, and although it was not necessary to the judgment to decide it, as was held by the four dissenting judges, yet the case must be considered as deciding that the federal courts, under the law as it then stood, had no authority to proceed by foreign attachment, as it was regulated by the laws of Pennsylvania. But, doubtless, in view of this decision, the act of congress of June 6, 1872, greatly enlarges the authority of the federal courts in the employment of remedies. By the sixth section of that act (Rev. St. § 915), it is enacted that "in common law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof." The federal courts in this state are thus invested with undoubted authority to proceed against non-resident persons by attachment of their property, as may be done by the laws of the state. Was the plaintiff, then, entitled to an allowance of his motion for judgment against the defendant for default of appearance? It was denied by the court below, for the reason that the cause of action, as appears from the declaration, would not support a pro-

ceeding by foreign attachment. The action is debt, and the declaration avers that a limited partnership was formed between Charles Vezin and the defendant, to the capital of which the defendant contributed $50,000 as a special partner; that during the continuance of the term, at certain times stated, the defendant withdrew from the capital contributed by him specific sums of money, as and in the name of interest on the said capital, whereby the original capital was reduced by the amounts so received by him; and the demand is to recover from the defendant these several sums as received by him in violation of law.

The suit is brought to enforce a statutory liability claimed to be imposed upon the special partner, under the circumstances stated in the declaration. By the statute (Brightly's Purd. Dig. 937), it is enacted "that if it shall appear that by the payment of interest or profits to any special partner the original capital has been reduced, the partner receiving the same shall be bound to restore the amount necessary to make good his share of capital with interest." The liability to restore is complete, if the payments to a special partner reduces the capital, and he may be compelled to repay the deficiency in his share of the capital thus caused by an appropriate action.

Is a foreign attachment then an allowable method in Pennsylvania of commencing such action? Any demand arising ex contractu which is susceptible of ascertainment by a definite standard may be the foundation of a foreign attachment. In Strock v. Little, 9 Wright [45 Pa. St.] 418, Mr. Justice Woodward, says: "Under our statutes, which being remedial, are to be liberally construed, foreign attachments may issue in all actions, sounding in contract, where the plaintiff can swear to the amount claimed, or the court, upon a rule to show cause of action, can get at the sum in controversy with sufficient accuracy to fix the amount of bail which the defendant is to give to dissolve the attachment." This is the settled construction of the Pennsylvania statutes, and the demand in this case is fully within it. It is a determinate and certain sum, received under circumstances, stated in the declaration, which imposed upon the defendant a statutory obligation to repay it, and for the recovery of which an action ex contractu is the appropriate remedy. The motion of the plaintiff in error for judgment for default of appearance by the defendant ought, therefore, to have been granted, and the cause is remanded to the district court, with directions to allow said motion and to enter judgment accordingly.