## TREADWELL *v.* SEYMOUR.

*(Circuit Court, E. D. New York.  March 11, 1890.)*

CIRCUIT COURTS—POWER TO DIRECT ATTACHMENT TO ANOTHER DISTRICT.

> The circuit court of the United States for the eastern district of New York has power to issue an attachment, and direct the same to the marshal of the United States for any other district within the state of New York.

At Law.  Motion to vacate attachment.

*Deming & Logan,* for plaintiff, cited:

*Gumbel* v. *Pitkin,* 124 U. S. 151, 8 Sup. Ct. Rep. 379; *Krippendorf* v. *Hyde,* 110 U. S. 276, 4 Sup. Ct. Rep. 27; *Bates* v. *Days,* 17 Fed. Rep. 167; *Guillon* v. *Fontaine,* 2 Amer. Law T. (N. S.) 502; *Lamaster* v. *Keeler,* 123 U. S. 389, 8 Sup. Ct. Rep. 197; *McCracken* v. *Hayward,* 2 How. 608; *Ex parte Railroad Co.,* 103 U. S. 794; *Society* v. *Ford,* 114 U. S. 635, 5 Sup. Ct. Rep. 1104; *Erstein* v. *Rothschild,* 22 Fed. Rep. 61; *Tilton* v. *Cofield,* 93 U. S. 163; *Fitzpatrick* v. *Flannagan,* 106 U. S. 648, 1 Sup. Ct. Rep. 369; *Matthews* v. *Densmore,* 109 U. S. 216, 3 Sup. Ct. Rep. 126.

*Ed. Hamilton Cahil,* for defendant, cited:

Spear, Fed. Jud. 661; 2 Abb. U. S. Pr. 166; *Binns* v. *Williams,* 4 McLean, 580; *Picquet* v. *Swan,* 5 Mason, 35; *Toland* v. *Sprague,* 12 Pet. 327; *Ex parte Graham,* 3 Wash. C. C. 456; *Day* v. *Manufacturing Co.,* 1 Blatchf. 630; *U. S.* v. *Williams,* 4 Cranch, C. C. 372; *Refrigerator Co.* v. *Southard,* 12 Blatchf. 405.

LACOMBE, J.  This action was commenced by plaintiff, a citizen of New York and resident of Brooklyn, in the New York supreme court, in Kings county, and was removed into the circuit court for the eastern district of New York by the defendant, a citizen and resident of New Jersey.  Subsequently, issue was joined by the service of an answer.  The action is one at common law.  On February 10, 1890, plaintiff procured from the judge holding circuit court in the eastern district a warrant of attachment against defendant's property, addressed:  "To the Marshal of the United States for any District within the State of New York."  Levy has been made under the warrant by the United States marshal for the southern district upon property of the defendant found in New York city. Defendant does not question the regularity or the sufficiency of the papers on which this warrant was issued, if tested by the rules or practice of the state court.  He moves, however, to vacate the attachment on the ground that the circuit court for the eastern district of New York has neither power nor jurisdiction to issue an attachment, and direct the same to the marshal of the United States for any other district within the state of New York.  The case chiefly relied upon by the defendant is *Toland* v. *Sprague,* 12 Pet. 300.  In that case, plaintiff was a citizen of Pennsylvania; defendant, a citizen of Massachusetts, domiciled, for some time prior to the commencement of the suit, without the limits of the United States.  The action was commenced by process of foreign at-

tachment, whereby certain property of the defendant found in Pennsylvania was garnished; defendant himself not being served. Defendant insisted that the court had no jurisdiction of an action begun by foreign attachment. The court, by BARBOUR, J., expressed the opinion that—

"The circuit court of each district sits within and for that district, and is bounded by its local limits. Whatever may be the extent of their jurisdiction over the subject-matter of suits, in respect to persons and property, it can only be exercised within the limits of the district. Congress might have authorized civil process from any circuit court to have run into any state of the Union. It has not done so. It has not in terms authorized any original civil process to run into any other district, with the single exception of subpœnas for witnesses, within a limited distance. In regard to final process, there are two cases, and two only, in which writs of execution can now, by law, be served in any other district than that in which the judgment was rendered,— one, in favor of private persons, in another district of the same state; and the other, in favor of the United States, in any part of the United States. We think that the opinion of the legislature is thus manifested to be that the process of a circuit court cannot be served without the district in which it is established without the special authority of law therefor."

After commenting upon the case of *Picquet* v. *Swan*, 5 Mason, 35, and the eleventh section of the judiciary act of 1789, (chapter 20,) providing that no civil suit shall be brought before a United States circuit or district court, by any original process, in any other district than that of which the defendant is an inhabitant, or shall be found at the time of serving the writ, the supreme court, in *Toland* v. *Sprague*, announced: (1) That, by the general provisions of the laws of the United States, the circuit courts can issue no process beyond the limits of their districts; (2) that, independently of positive legislation, their process can only be served on persons within the same districts; (3) that the acts then in force (Act Sept. 29, 1789, c. 21; Act May 8, 1792, c. 36) adopt the form and modes of service in use in state courts only so far as the persons are rightfully within the reach of such process, and were not intended to enlarge the jurisdiction of the circuit courts; (4) that the right to attach property to compel the appearance of persons can only be used in cases where such persons are amenable to the process of the court *in personam;* (5) that, in the case before it, the circuit court had jurisdiction over the parties and the subject-matter of the suit, and the defendant's objections, though sound, related only to a personal privilege or exemption which it was competent for him to waive, and which he had waived by appearing and pleading. This case of *Toland* v. *Sprague* was decided in 1838. At that time the only special provisions of federal statute authorizing the issue of process to run without the district were those regulating certain executions, and referred to in the excerpt from the opinion, *supra.* They are found in Act March 3, 1797, and Act May 20, 1826, (now sections 985, 986, of the United States Revised Statutes.) Since 1838, there has been further special legislation of a similar character. Acts Feb. 28, 1839, and March 3, 1863, (now section 615, Rev. St.;) Act Feb. 25, 1873, (now section 654, Rev. St.) The particular

provision of statute relied upon by the plaintiff as specially authorizing the issuance of mesne process of attachment without the district, if within the state, is the sixth section of the practice act of June 1, 1872. Rev. St. § 915:

"Sec. 915. In common-law causes in the circuit and district courts, the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof; and such circuit or district courts may from time to time, by general rules, adopt such state laws as may be in force in the states where they are held, in relation to attachments and other process: provided, that similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other remedy."

The first clause of this section gives the right specified therein, in absolute terms, on the basis of state laws existing when the section was adopted. The second clause authorizes the circuit and district courts to adopt any state laws relating to the subject that may be subsequently enacted. Spear, Fed. Jud. 660. When this act was adopted, (1872,) the Code of Procedure of the state of New York (Code, § 231) provided that a warrant of attachment should be directed to the sheriff of the county where property of the defendant might be, and that, where property of the defendant was situated in different counties, a warrant might be issued to each county simultaneously. A similar remedy by attachment, against property of a defendant sued in a federal court, in a state containing more than one district, could be secured to the plaintiff in such action only by extending the attachment to property of the defendant without the district, but within the state; and such seems to be the plain meaning of these two acts, federal and state, (act of 1872; Code, § 231,) when collated. The positive legislation, therefore, specially authorizing the issue of process beyond the district, which the supreme court, in *Toland* v. *Sprague,* held to be essential, but not then in existence, is found in the act of 1872, unless other provisions of statute, or the principles of interpretation approved by the federal courts, operate to restrict its meaning. This act has been construed in *Chittenden* v. *Darden,* 2 Woods, 437; *Saddler* v. *Hudson,* 2 Curt. 6; *Nazro* v. *Cragin,* 3 Dill. 474; *Ex parte Railway Co.,* 103 U. S. 794, *Anderson* v. *Shaffer,* 10 Fed. Rep. 266. These cases hold that it does not confer upon the United States courts jurisdiction to institute suits by the process of foreign attachment, and that it authorizes attachment only when the court has acquired jurisdiction of the person of the defendant. The reasoning, however, by which the conclusions are reached, is the same as that of *Toland* v. *Sprague, supra.* From the passage of the original judiciary act down, there has been in existence an express proviso peremptorily restricting the jurisdiction of the circuit and district courts to cases where the defendant is an inhabitant of the district, or found therein, at the time of serving the writ. Judiciary Act 1789, § 11; Rev. St. U. S. § 739. (The modification contained in the act of 1887 is not material to the question raised here.) The authorities cited, both prior and subsequent to the act of 1872, hold that this proviso is not affected by general

or special provisions of statute adopting state process and procedure, or securing to a litigant in a federal court similar remedies by attachment to those available to the litigant in a state court. That conclusion is reached both as an inference from the course of legislation, and by considerations of reason and justice; for "nothing can be more unjust than that a person should have his rights passed upon and finally decided by a tribunal without some process being served upon him, by which he will have notice, which will enable him to appear and defend himself." *Toland* v. *Sprague*, 12 Pet. 300. In such a case as this, however, full effect can be given to the act of 1872, and the "similar remedies" secured, without in any way conflicting with the proviso which restricts the jurisdiction of the circuit court. The defendant is personally before the court, having been properly served with process. He has had abundant notice, and, by pleading to the merits, admits that this court has jurisdiction of his person; and he concedes that it has jurisdiction of the subject-matter of the controversy. Furthermore, the act of May 20, 1826, (Rev. St. U. S. § 985,) gives it jurisdiction of this very property, by providing that execution upon such judgment as may be entered in this section may run into, and be executed in, any part of the state. Neither reason nor authority, therefore, forbids our construing the act of 1872 (Rev. St. § 915) so as to entitle the plaintiff in this case to a warrant of attachment which may run against property of the defendant in any county of the state. Such a construction in no proper sense enlarges the jurisdiction of the federal courts.

Since the passage of the act of 1872, the Code of Procedure of this state has been superseded by subsequent legislation. Code Civil Proc. 1876, c. 448; Code Civil Proc. 1877, § 416. The only modification, however, in the practice upon attachment, which at all affects this case, is the provision in section 641 that the warrant may be directed, "either to the sheriff of a particular county, or generally to the sheriff of any county." This provision, which is the one now in force, and in conformity to which the warrant is directed, was, with all others relating to attachment contained in the New Code, adopted by rule of this court, passed, in conformity to the provisions of the act of 1872, (Rev. St. § 915,) on October 16, 1878. The motion to vacate attachment is denied, and the stay vacated.