SHIEL v. PATRICK.

(Circuit Court of Appeals, Second Circuit.  February 27, 1894.)

No. 74.

ATTACHMENT—EQUITABLE ACTIONS—CORPORATIONS—DISSOLUTION.

The right of action which vests in the shareholder of a dissolved corporation to recover moneys of the corporation which were wrongfully diverted from it by another while it was a going concern is purely equitable, for the assets of a dissolved corporation constitute a trust fund for shareholders and creditors; and therefore such right will not support an attachment under Code Civ. Proc. N. Y. § 635, which authorizes attachments in actions "to recover a sum of money only," but does not extend to those of an equitable nature.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by Dennis R. Shiel against Algernon S. Patrick, in which there was judgment for defendant below, and plaintiff brings error.  Judgment affirmed.

Martin J. Keogh, for plaintiff in error.
Geo. W. Wickersham, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge.  This is a writ of error by the plaintiff in the court below to review an order vacating a writ of attachment issued by the supreme court of the state of New York prior to the removal of the suit.  It is conceded that the order was practically a final decision of the action, because, by vacating the attachment, which was the only process by which the suit was commenced, the court lost jurisdiction, the defendant having appeared only for the special purpose of moving to vacate the writ.  The decision of the circuit judge proceeded upon the ground that the action, being one for equitable relief, was not one in which the state court was authorized to issue an attachment.  It is entirely clear that the action is one for equitable relief.  The cause of action disclosed in the affidavits upon which the attachment was obtained is in brief as follows:  The plaintiff is the owner of certain shares of stock in a corporation which has been wound up and dissolved by a decree of an English chancery court; that, while the corporation was a going concern, the defendant, conspiring with another person, defrauded the corporation out of certain sums of money, and thereby caused it to become insolvent; that, in consequence of the acts of the defendant, the shares of stock owned by the plaintiff and the other shareholders in the corporation are much less valuable than they would have been otherwise, and the plaintiff brings the action for himself and all other shareholders who may choose to come in to recover the amount of the moneys of the corporation thus wrongfully diverted from it by the defendant.  The affidavits do not disclose when the plaintiff acquired his shares of stock, nor how many shares he owns, and, so far as appears, all the wrongs complained of were committed by the defend-

ant before the plaintiff had any interest in the affairs of the corporation. Irrespective of the question whether the facts alleged constitute a cause of action in favor of the plaintiff of any sort, at best they show that he is entitled to a certain share of a trust fund, which is to be realized and distributed by a trustee. The assets of a dissolved corporation constitute a trust fund belonging to the shareholders, subject to the rights of its creditors; and a court of equity, which never allows a trust to fail for want of a trustee, will lay hold of this fund, wherever it may be found, and apply it to the purposes of the trust. The authority of the state court to grant a warrant of attachment is found in section 635 of the Code of Civil Procedure, and by that section is limited to actions brought "to recover a sum of money only." It has repeatedly been decided by the state courts in construction of that section, and has also been decided by the highest court of the state, in the only case in which the question seems to have been before it, that an attachment is not authorized in an action of an equitable nature. Thorington v. Merrick, 101 N. Y. 5, 3 N. E. 794; Ketchum v. Ketchum, 1 Abb. Pr. (N. S.) 157, 46 Barb. 43; Ebner v. Bradford, 3 Abb. Pr. (N. S.) 248; Williams v. Freeman, 12 Civ. Proc. R. 335. The order vacating the attachment was a proper one, and there is no merit in the assignments of error. The order is affirmed.