Ex parte DURAND.

(District Court, D. Oregon. March 16, 1908.)

No. 4,998.

ALIENS—STATUTES — REPEAL — SAVING  CLAUSE—EFFECT—EXCLUSION—PROSTITUTES.

Act Cong. March 3, 1903, c. 1012, § 2, 32 Stat. 1214, and Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898, provide for the exclusion of alien prostitutes. Section 21 of the 1903 act (32 Stat. 1218) provides for the deportation of aliens found in the United States "in violation of this act" within three years of their landing. Section 21 of the 1907 act (34 Stat. 905) provides for the deportation of aliens subject to deportation under that act or "any" other federal law within the same period. Section 28 of the 1907 act (34 Stat. 907) provides that such act shall not affect any prosecution, suit, action, or proceeding brought, or any "act, thing or matter, civil or criminal, done or existing at the time of the taking effect of" the act, and that as to all such "acts, things or matters," etc., the laws or parts of laws repealed or amended are continued in force. *Held*, that section 28 con-

tinues in force the 1903 act as to the exclusion of alien prostitutes, and saves the government's right to deport one who landed in 1906, though no proceeding was brought for that purpose until 1908.

James Gleason, for petitioner.
Wm. C. Bristol, U. S. Atty.

WOLVERTON, District Judge. The applicant is being held on a warrant issued by Hon. Herbert Knox Smith, Acting Secretary of Commerce and Labor of the United States of America, bearing date February 5, 1908, which recites the following:

"That whereas, it appears to me from proof submitted to J. H. Barbour, local inspector at Portland, Oregon, that Louise Reaux, alias Flora Durand, who landed at the port of New York, ex. S. S. Lucania, on the 14th day of January, 1906, in violation of acts of Congress approved February 20, 1907, and March 3, 1903, and that said alien is a prostitute and was such at the time of her entry into the United States, and that she entered the United States for the purpose of prostitution, and that she was found an inmate of a house of prostitution within three years after her entry; and whereas, the period of three years after landing has not elapsed—I, Herbert Knox Smith, Acting Secretary of Commerce and Labor, by virtue of the power and authority vested in me by the laws of the United States, do hereby command you to return the said alien to the country whence she came. * * * For doing so this shall be your sufficient warrant."

It is urged that the petitioner is being unlawfully held by reason of the fact that she landed in the United States while Act Cong. March 3, 1903, c. 1012, 32 Stat. 1213, was in force, and prior to the adoption of Act Feb. 20, 1907, c. 1134, 34 Stat. 898; it being argued that the latter act repeals the former, without any saving clause adequate to its continuance in force in so far as it relates to the act of the petitioner in coming within the territory of the United States, being a prostitute. The act of 1903 (by section 2) provides:

"That the following classes of aliens shall be excluded from admission into the United States: * * * Prostitutes, and persons who procure or attempt to bring in prostitutes or women for the purpose of prostitution."

By the twenty-first section of the act it is further provided:

"That in case the Secretary of the Treasury shall be satisfied that an alien has been found in the United States in violation of this act he shall cause such alien, within the period of three years after landing or entry therein, to be taken into custody and returned to the country whence he came, as provided in section 20 of this act," etc.

The act of 1907 provides (section 2):

"That the following classes of aliens shall be excluded from admission into the United States: * * * Prostitutes, or women or girls coming into the United States for the purpose of prostitution or for any other immoral purpose."

Section 21 of this act provides as follows:

"That in case the Secretary of Commerce and Labor shall be satisfied that an alien has been found in the United States in violation of this act, or that an alien is subject to deportation under the provisions of this act or of any law of the United States, he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came, as provided by section twenty of this act," etc.

Section 28 provides:

"That nothing contained in this act shall be construed to affect any p·
cution, suit, action, or proceedings brought, or any act, thing, or matter, ⸰ ⸰
or criminal, done or existing at the time of the taking effect of this act;
but as to all such prosecutions, suits, actions, proceedings, acts, things, or
matters the laws or parts of laws repealed or amended by this act are here-
by continued in force and effect."

And section 43 repeals the act of 1903, except section 34 thereof.

The sole question for consideration is whether the saving clause,
or section 28 of the act of 1907, by intendment continues in force the
act of 1903 as it relates to the exclusion of prostitutes from admis-
sion into the United States. It is conceded that, if any suit or pro-
ceeding had been pending relative to the deportation of the applicant
at the time the act of 1907 took effect, such suit or proceeding would
have been saved by section 28; but it is denied that such section is
effective as to the act of the individual where no suit or proceeding
has been begun. The language of the section is very specific, and
relates to "any act, thing, or matter, civil or criminal, done or exist-
ing at the time of the taking effect of this act." As to all of such
"the laws or parts of laws repealed or amended by this act are
*  *  *  continued in force and effect." The act of 1903 plainly pro-
vided that prostitutes should be excluded. The act of 1907 also pro-
vides for the same thing; and they may be deported within three
years from the time of their entry into the United States. The act,
offense, or transgression of law is the same in both statutes, and to
my mind section 28 of the later act clearly continued the former in
force as to that act, offense, or transgression of law of the petitioner
whereby she is subject to deportation. The saving clause is unusual,
by reason of including acts and things not in suit or action; but the
very fact that such acts and things are specifically named shows the
intendment of Congress to save the old act as to them, as well as to
matters in suit or proceedings brought.

Another thought confirms this view. The time after entry into the
United States within which deportation may be had is made the same
—three years—in the new act as in the old; and section 21 of the
later act is made to apply to an alien "subject to deportation under
the provisions of this act or of any law of the United States," while
the old law applies to an alien "found in the United States in viola-
tion of this act," thus showing a purpose to embrace any law of
the United States, and an intendment to include the act of 1903
so far as in force. So that, construing this section with section 28,
it is made reasonably clear that the act of 1907 was intended to em-
brace "acts" and "things" falling within the purview of the law of
1903, for which deportation would have been proper if arising within
three years.

The petition will therefore be denied.