## BUCYRUS CO. v. McARTHUR.

(District Court, M. D. Tennessee, Nashville Division.    September 11, 1914.
Opinions as to Attachment and Jurisdiction, October 30, 1914.)

### No. 24.

1. COURTS ☞346—PROCEDURE—ATTACHMENT—STATUTORY PROVISIONS.

Rev. St. § 915 (Comp. St. 1913, § 1539), providing that in common-law causes in the Circuit and District Courts plaintiff shall be entitled to similar remedies by attachment or other process against the property of defendant provided by the laws of the state, merely authorizes the issuance of ancillary attachments for the purpose of impounding the property of defendants, of whose person the court may otherwise acquire jurisdiction, and the federal courts are not authorized to issue foreign attachments as the original process for commencing a suit against defendants not amenable to personal service of process.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 918;  Dec. Dig. ☞ 346.]

2. ATTACHMENT ☞12—ACTIONS IN WHICH AUTHORIZED—SUITS IN EQUITY.

Attachment is a purely statutory remedy, entirely unknown to the immemorial practice or usage of courts of equity, and is essentially a legal remedy, which in the absence of statutory authority is not available in equity.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 38, 39;  Dec. Dig. ☞12.

For other definitions, see Words and Phrases, First and Second Series, Attachment.]

3. COURTS ☞346—PROCEDURE—ATTACHMENTS—SUITS IN EQUITY.

In the absence of any provision in the rules of the District Court for writs of attachment in suits in equity, such remedy is not available, as there is no statutory authority therefor under Rev. St. § 915 (Comp. St. 1913, § 1539), providing that "in common-law causes" in the Circuit and District Courts plaintiff shall be entitled to similar remedies by attachment as provided by the laws of the state, and section 914, providing that the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes in the Circuit and District Courts, shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding in the state courts, nor has the Supreme Court provided for such remedy under the authority given it by section 917 to prescribe the forms of writs and other process, etc.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 918;  Dec. Dig. ☞346.]

4. ATTACHMENT ☞113—PLEADINGS—ALLEGATIONS AS TO GROUNDS OF ATTACHMENT.

In a suit in the United States court for one of the districts of Tennessee, a bill alleging that defendant was threatening, preparing, and attempting to remove certain property from the jurisdiction of the court did not state a ground of attachment, within Shannon's Code Tenn. § 5211, authorizing an attachment where defendant is about to remove, or has removed, himself or property from the state, etc.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 307–311;  Dec. Dig. ☞113.]

### As to Jurisdiction.

5. COURTS ☞328—UNITED STATES COURTS—JURISDICTION—AMOUNT INVOLVED —JOINDER OF CAUSES.

The enforcement of liens on a steam shovel, for the purchase price thereof and work thereon, was a matter of purely equitable cognizance,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

while causes of action for goods sold and on an account stated, entirely disconnected from the claims relating to the steam shovel, were of purely legal cognizance; and neither equity rule 26 (198 Fed. xxv, 115 C. C. A. xxv), authorizing the joinder in one bill of as many causes of action cognizable in equity as plaintiff may have against defendant, nor rule 23 (198 Fed. xxiv, 115 C. C. A. xxiv), providing that, if in a suit in equity a matter ordinarily determinable at law arises, such matter shall be determined in that suit according to the principles applicable, without sending the case or question to the law side of the court, authorized the joinder of such causes of action in one suit, for the purpose of bringing the amount involved within the jurisdiction of the United States District Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ☜328.]

6. COURTS ☜328—UNITED STATES COURTS—JURISDICTION—AMOUNT INVOLVED —ENFORCEMENT OF LIEN.

In a suit to enforce liens against a steam shovel, the amount involved was the amount claimed, and not the value of the shovel.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ☜328.]

7. COURTS ☜280—WANT OF JURISDICTION—WAIVER OF OBJECTIONS.

Under Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. 1913, § 1019), providing that, if in any suit commenced in a District Court it shall appear to the satisfaction of the court at any time that it does not really and substantially involve a controversy properly within its jurisdiction, the court shall proceed no further therein, but shall dismiss the suit, there being an entire want of equitable jurisdiction over causes of action for goods sold and on an account stated, sought to be joined with causes of action for the enforcement of liens on a steam shovel, the court should so hold of its own motion, though the question was not raised by the pleadings or suggested by counsel, and, where without such causes of action the amount involved was less than the jurisdictional amount, should dismiss the suit; the case not being one in which the defense of a plain and adequate remedy at law might be waived by defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. ☜280.]

8. COURTS ☜268 — UNITED STATES COURTS — JURISDICTION — DISTRICT IN WHICH SUIT SHOULD BE BROUGHT.

There is no provision of law under which a defendant, residing in the Eastern district of Tennessee, can be summoned to appear in the Middle district, and defend against transitory legal causes of action by a resident of another state, even though such causes of action could be joined with causes of action for the enforcement of liens on property within the Middle district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806, 807, 812; Dec. Dig. ☜268.]

In Equity. Suit by the Bucyrus Company against M. T. McArthur. On application for writ of attachment. Application denied, and suit dismissed.

Smith & Berry and W. L. Talley, all of Nashville, Tenn., for plaintiff.

SANFORD, District Judge. This is an original bill on the equity side of the court. It alleges that the plaintiff is a citizen and resident of Wisconsin and the defendant a citizen of Tennessee, residing in

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Eastern District. The bill seeks to enforce: (1) A claim for $1,750.00 and interest, due as part of the purchase price of a steam shovel sold by the plaintiff to the defendant and secured by retention of title, which is now located within this district; (2) a claim for $703.06 for work and labor done by plaintiff on said shovel after such sale, and secured by statutory lien; (3) an account of $687.50 and interest for goods sold by plaintiff to defendant under a contract of conditional sale retaining title—the location of such goods not being stated; (4) the further sum of $329.49 due by account stated; making a total claim of $3,470.05.

The bill alleges that this court has jurisdiction by reason of the diversity of citizenship and amount involved and the fact that "this suit is brought to foreclose a mortgage" and "is of a local nature." The bill prays for a writ of subpœna directed to the defendant in the Eastern District of Tennessee; for "writs of attachment pursuant to the practice in the State"; and for writ of injunction pendente lite.

The plaintiff has applied for a fiat for the issuance of a writ of attachment, as prayed in the bill.

[1] I assume, for present purposes, without determination, that so much of the bill as relates to the retention of title to the steam shovel and the enforcement of a lien thereon is a suit "of a local nature" within the meaning of section 54 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1102 [Comp. St. 1913, § 1036]), so that a subpœna to answer may be served on the defendant by the marshal of the Eastern District; and that the plaintiff is hence not applying for the issuance of an attachment as the leading process for the purpose of compelling the defendant's appearance, but merely seeks an ancillary attachment to be issued in connection with the subpœna for the purpose of impounding the steam shovel. It is well settled that the federal courts, under the provisions of the laws of the United States governing the issuance of process are not authorized to issue foreign attachments as the original process commencing suits against defendants not amenable to personal service of process. Toland v. Sprague, 12 Pet. 300, 329, 9 L. Ed. 1093; Saddler v. Hudson, 2 Curt. 6, 21 Fed. Cas. 135; Dormitzer v. Illinois Bridge Co. (C. C.) 6 Fed. 217, 218. And see Courtney v. Pradt (6th Circ.) 160 Fed. 560, 562, 87 C. C. A. 463, citing Chicago Railway v. Sturm, 174 U. S. 710, 715, 19 Sup. Ct. 797, 43 L. Ed. 1144. And section 915 of the Revised Statutes (derived from the Act of June 1, 1872, c. 255, § 6, 17 Stat. 197), adopting in common law causes in the federal courts the laws of the several states in relation to attachments and other process against the property of defendants, merely authorizes the issuance of ancillary attachments for the purpose of impounding the property of defendants of whose person the court may otherwise acquire jurisdiction. Chittenden v. Darden, 2 Woods, 437, 5 Fed. Cas. 642; Nazro v. Cragin, 3 Dill. 474, 17 Fed. Cas. 1259, 1260; North v. McDonald, 1 Biss. 57, 18 Fed. Cas. 332, 333; Anderson v. Shaffer (C. C.) 10 Fed. 266, 267; Boston Elec. Co. v. Elec. Lighting Co. (C. C.) 23 Fed. 838, 839; and, by implication, Ex parte Railway Co., 103 U. S. 794, 796, 26 L. Ed. 461, and Treadwell v. Seymour (C. C.) 41 Fed. 579, 581. The contrary opinion in

Guillou v. Fontain, 32 Leg. Int. 362, 11 Fed. Cas. 108, is contrary to the great weight of authority, and does not, in my opinion, rightly interpret the provisions of the statute. Such ancillary attachment, when otherwise authorized, may, however, it seems, be issued in connection with the personal process when the defendant is amenable thereto. Toland v. Sprague, supra, 12 Pet. at page 329, 9 L. Ed. 1093; North v. McDonald, supra, 18 Fed. Cas. at page 333.

[2, 3] Such ancillary attachment of the defendant's property is, however, a purely statutory remedy, in derogation of the common law. 1 Shinn on Attachment, § 8 (g), p. 10; 4 Cyc. 396, and cases cited in note 3; 3 Am. & Eng. Enc. Law (2d Ed.) 184. It is entirely unknown to the immemorial practice and usage of Courts of Equity, either in England or in the United States, and is essentially a legal remedy, which, in the absence of statutory authority, is not available in equity. Drake on Attachments (3d Ed.) § 4, a, p. 4; Shinn on Attachments, supra, § 7, p. 9; 1 Bouv. Law Dict. (15th Ed.) 202; 3 Am. & Eng. Enc. Law (2d Ed.) 184, 193; Lackland v. Garesche, 56 Mo. 267, 270; McPherson v. Snowden, 19 Md. 197; People's Bank v. Shryock, 48 Md. 427, 30 Am. Rep. 476, 478. And see Courtney v. Pradt (6th Circ.) supra, 160 Fed. at page 562, 87 C. C. A. 463; Shiel v. Patrick (2d Circ.) 59 Fed. 992, 993, 8 C. C. A. 440; Black's Law Dict. (2d Ed.) 101.

There is, however, no statutory authority for the issuance of such an attachment in an equity cause in a Federal Court. Section 915 of the Revised Statutes, adopting in the Federal Courts the laws of the several states in relation to attachments against the property of defendants, is specifically limited to "common-law causes"; and section 914 of the Revised Statutes, providing that the practice and procedure in Federal Courts shall conform to those of the State Courts, specifically excludes "equity causes." Neither has the Supreme Court of the United States, in promulgating the Rules of Equity Practice in the District Courts, under the authority vested in it by section 917 of the Revised Statutes, provided for such ancillary writs of attachment. Nor is provision made therefor by any rule of this court; although it may well be that this could be done in accordance with the 79th Rule of Equity Practice (198 Fed. xli, 115 C. C. A. xli), and under the various statutory provisions cited in Steam Stone-Cutter Co. v. Sears (C. C.) 9 Fed. 8, and Steam Stone-Cutter Co. v. Jones (C. C.) 13 Fed. 567.

[4] The bill furthermore states no ground of attachment under the Tennessee statutes. The sole allegation upon which the prayer for attachment is predicated is, apparently, the averment that the defendant is "threatening, preparing and attempting to remove the said steam shovel from out of the jurisdiction of this court." This is, however, not equivalent to an averment that the defendant is "about to remove or has removed (his) property from the state," or to any other ground of attachment set forth in the Tennessee statutes. Code of Tenn. § 3455 (Shan. 5211).

I furthermore have great doubt whether on the face of the bill, this court has jurisdiction. Even assuming that the first two claims are, under the allegations of the bill, of an equitable nature, involving a claim to or lien upon property within this district, and that the

defendant could hence be brought before the court either under section 57 of the Judicial Code, if not under section 54, there is no similar averment as to the third and fourth claims, which, so far as appears from the averments of the bill, are merely transitory rights of action to enforce purely legal claims. As to these, there appears to be no process by which the defendant can be brought before the court in this district. Furthermore, it may be doubted whether the joinder of separate legal and equitable causes of action, each of which is insufficient in amount to create Federal jurisdiction, will avail for jurisdictional purposes. And on the whole it may well be that the court should dismiss the bill upon its own initiative for want of jurisdiction, under the provisions of section 37 of the Judicial Code. This question is, however, now reserved; and the plaintiff will be allowed twenty days in which to file a brief thereon, before action is taken by the court.

An order will be entered in accordance with this opinion.

### Opinion as to Jurisdiction.

[5] In my opinion on the application for a writ of attachment I expressed great doubt as to whether or not the bill should not be dismissed by the court of its own initiative for want of jurisdiction, under section 37 of the Judicial Code. Act March 3, 1911, c. 231, 36 Stat. 1098 (Comp. St. 1913, § 1019). This question was, however, reserved, and the plaintiff allowed twenty days in which to file a brief thereon. This brief has been filed and carefully considered.

Section 37 of the Judicial Code provides that if in any suit commenced in a district court it shall appear to the satisfaction of the court at any time after it has been brought that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court, the court shall proceed no further therein, but shall dismiss the suit, with such order as to costs as shall be just. The jurisdiction of this court must depend upon the diversity of citizenship of the parties and the amount in controversy, if jurisdiction can be maintained. The plaintiff is alleged to be a corporation of the State of Wisconsin and the defendant a citizen and resident of the Eastern District of Tennessee. The necessary diversity of citizenship therefore exists. The plaintiff sues upon four claims, aggregating $3,407.05. The first is for $1,750.00 and interest, alleged to be due as part of the purchase price of a steam shovel located within this district, on which the plaintiff claims a lien. The second is for $703.06 for work and labor subsequently done upon said shovel for which the plaintiff likewise claims a lien on the shovel. These two claims aggregate $2,453.06 and interest. These claims may be properly joined, and, in view of the fact that a lien is sought to be enforced upon the steam shovel, properly present matters of equitable cognizance. They are, however, of themselves insufficient in amount to give the court jurisdiction.

The third claim is for an account of $687.50 and interest, for goods sold under conditional sale. These goods are not, however, alleged to be in existence or their location shown. There is no allegation in the bill which gives any color of claim to a lien upon the steam shovel, and from the face of the bill this claim must be held to be a mere money

demand against the defendant. This is likewise true of the fourth claim for $329.49 alleged to be due by account stated. These last two claims aggregate $916.99. They are, however, under the allegations of the bill purely of legal cognizance, being merely claims to recover money due. They are furthermore entirely disconnected from the claims relating to the steam shovel, and are not in any way auxiliary thereto or dependent thereon.

[6] The jurisdictional amount involved under the lien claims on the steam shovel is furthermore merely the amount claimed and not the value of the shovel. New England Mortgage Co. v. Gay, 145 U. S. 123, 130, 12 Sup. Ct. 815, 36 L. Ed. 646; Simk. Fed. Eq. Pract. (2d Ed.) 180. Obviously, therefore, this court has no jurisdiction under these two claims of an equitable nature, which aggregate only $2,453.05, exclusive of interest, unless in arriving at the jurisdictional amount there can be added one or both of the disconnected legal demands which have been joined in the bill. This is not a case presenting the joinder of different equitable claims in one bill, where the test of the jurisdictional amount is the aggregate of the claims. 1 Street's Fed. Eq. Pract. § 367, p. 213, and cases cited; and Lilienthal v. McCormick (9th Circ.) 117 Fed. 89, 95, 54 C. C. A. 475, in which the plaintiff claimed a lien on the same property, both for the advances and damages, each of these claims, however, being of an equitable nature, involving the enforcement of a lien. Nor is the question affected by equity rule 26 (198 Fed. xxv, 115 C. C. A. xxv), which merely authorizes the plaintiff to join in one bill as many causes of action "cognizable in equity" as he may have against the defendant. Nor does equity rule 23 (198 Fed. xxiv, 115 C. C. A. xxiv), when read in connection with equity rule 26, authorize the joinder in a bill in equity of disconnected matters cognizable only at law, this rule obviously relating only to auxiliary matters of legal cognizance which may arise in the determination of an equity cause.

The question then comes to this: whether a plaintiff, having a claim of equitable cognizance of less than $3,000.00, may successfully invoke the jurisdiction of the Federal Court by joining in a bill of equity seeking to enforce such equitable claims a separate and distinct legal cause of action, entirely disconnected from the equitable claim, sufficient in amount to make an aggregate of more than $3,000.00. I am clearly of opinion that this cannot be done. While the equity and law sides of the Federal Courts are merely different sides of the same court, it is entirely clear that separate claims which are distinctly of equitable and legal cognizance cannot be litigated in the same suit, but must be maintained in separate suits. Hurt v. Hollingsworth, 100 U. S. 100, 102, 25 L. Ed. 569. The present bill hence presents, under color of one bill in equity, two separate and distinct suits, one a suit in equity to enforce a lien upon a steam shovel for the amount of the first two claims, and second, a suit at law to recover for the amount of the second and third claims. These matters are entirely disconnected, and if the case remained in court so much of the bill as relates to the third and fourth claims would clearly have to be transferred to the law side of the court as a separate suit, leaving in the equity suit only the first

and second claims. In neither of these two suits, however, would the requisite jurisdictional amount be involved.

I think it clear, therefore, that as neither of the two separate suits into which this bill must be divided involves the requisite jurisdictional amount, the bill must now be dismissed for want of jurisdiction.

[7] The bill does not, in my opinion, present a question analogous to In re Metropolitan Receivership, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. Ed. 403, or other cases, in which it is held that where the matter presented is one of general equitable jurisdiction the defense of a plain and adequate remedy at law may be waived by the defendant. Rowe v. Hill (6th Circ.) 215 Fed. 518, 522, 132 C. C. A. 30. Here as to the third and fourth claims there is an entire want of equitable jurisdiction; and the matters involved thereunder being solely cognizable at law, the court should so hold of its own motion, though the question is not raised by the pleadings or suggested by counsel. Reynes v. Dumont, 130 U. S. 354, 395, 9 Sup. Ct. 486, 32 L. Ed. 934; Allen v. Pullman, 139 U. S. 658, 662, 11 Sup. Ct. 682, 35 L. Ed. 303; and cases cited.

The conclusion reached is furthermore supported by Bureau of National Literature v. Sells (D. C.) 211 Fed. 379, 383, in which, while recognizing the general rule that where the plaintiff has established the right to equitable relief the court will grant all other relief essential to complete adjustment of the subject-matter among the parties, though involving matters of law, it was held that the court's jurisdiction must nevertheless be complete by reference to the equitable relief sought; that the auxiliary legal relief asked for could not be relied on to aid in conferring that jurisdiction, and that hence the jurisdictional amount in controversy was to be determined solely by reference to the character of the equitable relief sought in the bill. This conclusion applies all the more strongly where the matters of legal cognizance presented by the bill are not incidental to the equitable relief prayed but are entirely separate and disconnected therefrom.

Since, therefore, it now distinctly appears that this bill, in substance, under the color of one suit in equity, really embraces two separate and distinct suits, one of equitable cognizance and one purely of legal cognizance, neither of which involves a sufficient jurisdictional amount to bring it within the jurisdiction of the court, I am of opinion that it should now be dismissed by the court on its own initiative.

[8] I may add, as an illustration of the complexity which would be introduced if a bill of this character could be maintained, that while the equitable portion of the bill relating to liens claimed on the steam shovel may well be one of such "a local nature" that a subpoena could be directed to the marshal of the Eastern District of Tennessee, where the defendant resides, under section 54 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1102 [Comp. St. 1913, § 1036]), or that at least the defendant could be brought before the court by substituted service of process, under section 57 of the Judicial Code (Comp. St. 1913, § 1039), the legal claims set forth in the bill appear to be of a purely transitory character. And since the defendant does not reside within this district and does not appear to be within the district, there is no provision of law by which he could be summoned to appear

and make defense to so much of the bill as relates to these transitory causes of action. The marshal of this district in which the suit is brought would, of course, be powerless to serve a subpœna upon the defendant outside of this district; while, to this extent, the action being of a transitory character, there would be no authority, statutory or otherwise, for the service of a writ of subpœna by the marshal of the Eastern district or for substituted service in that district. This, however, is stated merely by way of illustration of the anomalous situation that would result if a bill of this character, involving a combination of equitable causes of action local in their nature with legal causes of action transitory in their nature, could be maintained, although neither involved the amount requisite to give the court jurisdiction.

An order will be entered in accordance with this opinion.