## FLOYD v. FLOYD.

(Circuit Court of Appeals, Seventh Circuit. February 12, 1926. Rehearing Denied March 9, 1926.)

No. 3596.

1. **Removal of causes** ⟨key⟩103—**Motion to remand on ground of alleged defective certificate of notary public on petition for removal held properly refused, where notary afterwards amended certificate so as to comply with Illinois law (Comp. St. § 1251c).**

Motion to remand to state court on ground of alleged defective certificate of notary public on petition for removal was properly denied, under Comp. St. § 1251c, where certificate was amended by notary so as to comply with Illinois statute requiring notary from another state to insert in certificate that such notaries are authorized by law to administer oaths.

2. **Equity** ⟨key⟩264—**Causes of action set up in bill to set aside conveyance of real estate, which were not of equitable cognizance and not connected with main cause, held properly stricken.**

In suit to set aside conveyance of real estate, causes of action set up in bill for moneys loaned, not being of equitable cognizance, and not connected with main cause, were properly stricken out.

3. **Gifts** ⟨key⟩47(3)—**Court of equity will presume confidence reposed and influence exerted between parties having dependent or fiduciary relation, placing burden on person receiving gift to establish fairness of transaction.**

Where there is dependent or fiduciary relation existing between parties, court of equity will presume confidence reposed and influence exerted, placing burden on person receiving gift to establish by clear and convincing proof fairness and good faith of transaction.

4. **Deeds** ⟨key⟩211(3)—**Evidence held to show that father was overreached in making conveyance to son during time that father was physically ailing.**

In suit by father to set aside conveyance of real estate to son, made when father was physically ailing and in reliance on son's good faith, evidence *held* to show that father was overreached.

Appeal from the District Court of the United States for the Eastern District of Illinois.

Suit by B. B. Floyd against Frank M. Floyd, brought in the circuit court of Marion county, Ill., and removed to the United States District Court. Judgment dismissing the complaint, and plaintiff appeals. Reversed and remanded, with directions.

Chas. H. Holt, of Salem, Ill., and R. J. Branson, of Centralia, Ill., for appellant.

W. R. Gilbert, of St. Louis, Mo., for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Appellant brought suit against the appellee in the circuit court of Marion county, Ill., to set aside a certain conveyance of real estate in that county on account of fraud and undue influence, and to compel an accounting of receipts and expenditures during the time defendant had charge of plaintiff's property under the conveyance and other instruments in writing executed at the same time. Appellee removed the case to the court below upon the ground of diverse citizenship. Issues were formed, a trial had, and the court dismissed the bill of complaint for want of equity. Appellant assigned three errors: (1) Overruling a motion to remand; (2) striking out certain paragraphs of the bill; and (3) dismissing the bill.

[1] 1. The ground for the motion to remand was the alleged defective certificate of the notary public who swore appellee to the petition for removal. The defect alleged was the failure of the notary to insert in her certificate that notaries public are authorized by the law of Missouri, where the petition was verified, to administer oaths. This is required by the Illinois statute. But the motion to remand was made in the United States District Court. In that court no proof was required of the law of Missouri. It took judicial notice of the laws of that state. The District Court, however, considered the certificate insufficient, and permitted the notary to amend her certificate, so as to comply with the Illinois statute. This was warranted under section 1051 of Barnes' Federal Code (Comp. St. § 1251c). That section provides:

"Where, in any suit * * * removed from any state court to any district of the United States, the jurisdiction of the District Court is based upon the diverse citizenship of the parties, and such diverse citizenship in fact existed at the time the suit was * * * removed, though defectively alleged, either party may amend at any stage of the proceedings * * * so as to show on the record such diverse citizenship and jurisdiction and thereupon such suit shall be proceeded with the same as though the diverse citizenship had been fully and correctly pleaded * * * in the petition for removal."

The claim in effect was that the averments of the petition for removal as to diverse citizenship were "defectively alleged"; that is, were not verified. Obviously the proper way to amend such defect was to amend the defective part, the notary's certificate. In any view the motion to remand was properly overruled.

[2] 2. In the parts of the bill stricken out it was sought to recover certain moneys alleged to have been advanced by appellant to appellee long prior to the execution of the instruments attacked as invalid and in no way connected with the wrongs complained of in their procurement. Equity rule No. 26 provides: "The plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant." The cause or causes of action set up in the parts stricken out were not of equitable cognizance, and, being in no way connected with the main cause, were properly stricken out. Bucyrus Co. v. McArthur (D. C.) 219 F. 266.

3. Upon the merits of the cause we cannot agree with the court below. Appellant alleged in his complaint in substance that on the 20th day of February, 1923, being at the time 85 years of age, he became seriously sick, and his neighbors called his son, the appellee, from his home in the city of St. Louis, Mo.; that the appellee was a practicing physician and a shrewd business man; that he came to Centralia on February 24th, at which time appellant was physically incapacitated, mentally weak, and practically blind as a result of his illness; that appellee urged that appellant execute a power of attorney to him, so that he might attend to certain matters without delay, caused by appellant's illness; that he relied upon his son, and agreed to execute such power of attorney; that appellee then went to an attorney and had certain papers drawn, which papers were brought out to the home of appellant for his signature; that appellant "believing that such papers constituted the power of attorney which he had assented to sign, and by reason of his blindness being unable to read the same, and being in such weak and enfee-

bled condition that he was not capable of giving consideration to the contents of said papers, or of comprehending their nature and effect, but relying upon his son, the defendant, to have same properly drawn in accordance with his understanding with said son, not suspecting at the time that he would attempt to deceive or overreach him, your orator affixed his signature to said papers"; that on the afternoon of that day appellee took appellant to St. Louis; that within a few days thereafter appellant began to improve and soon recovered; that he returned to Centralia, discovered the fraud that had been practiced upon him and began this suit for the relief above stated.

[3, 4] The evidence clearly shows that the averments of appellant as to his age, sickness, and practical blindness were true; that the appellee procured the papers to be drawn up and executed; that the appellee paid no consideration whatever for the execution of the instruments; that he did not even promise any consideration therefor, and that the instruments executed stripped appellant of the control and ownership of all of his property; that at the time of the execution of the instruments appellant was living alone at Centralia; that the neighbors notified appellee of his condition, and that prior to this time the son had advised the father about his business affairs. It clearly appears that appellant and appellee stood in such relation to each other, at the time of the transaction complained of, that confidence was necessarily reposed by appellant, and that the influence, which necessarily grows out of that confidence, was present. Appellant had no outside or independent advice. The persons assisting in the execution of the instruments were all acting under the direction of appellee. That there was a dependent or fiduciary relation existing between the parties is too clear for dispute. Under such circumstances a court of equity will presume confidence reposed and influence exerted, and in such case the burden is upon the person who has received the gift to establish by clear and convincing proof the fairness and good faith of the transaction. The appellee did not meet or discharge this obligation. On the contrary, the evidence clearly shows that appellant was overreached.

The cause is reversed and remanded, with directions to enter a decree setting aside the conveyance of the real estate and ordering an accounting as prayed in the bill.